THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

SAMUEL W. POLKEY, Admr.

*Opinion filed June 16, 1903.*

1. INSTRUCTIONS—*number of instructions does not justify refusal of necessary ones.* That more instructions are asked by a party than are required does not justify the court in refusing necessary and proper ones.

2. SAME—*when not error to give instruction authorizing recovery.* It is not error to give an instruction authorizing a recovery upon proof of the case stated in the declaration, provided each of the counts states a cause of action and there is evidence tending to prove them all.

3. SAME—*court should not refuse instructions explaining the issues.* If an instruction is given authorizing a recovery upon proof of the declaration, the court should not refuse instructions for the defendant explaining the issues made by the several counts.

4. STREET RAILWAYS—*it is not negligence per se to permit passenger to stand on run-board.* It is not negligence *per se*, under all circumstances, for a street railway company to permit a passenger to stand on the run-board, but in such case the company assumes the duty of exercising the care demanded by the circumstances.

5. SAME—*rule as to care required of company toward passengers.* A street railway company owes the highest degree of care for the safety of its passengers consistent with the mode of conveyance employed, the practical operation of its road and the exercise of its business as a carrier.

*North Chicago Street R. R. Co.* v. *Polkey*, 106 Ill. App. 98, reversed.

203—15

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Farlin Q. Ball, Judge, presiding.

John A. Rose, and Louis Boisot, (W. W. Gurley, of counsel,) for appellant:

The instructions were erroneous in requiring the defendant to exercise the highest degree of care, without limiting it to such care as is reasonable and practicable. *Railway Co.* v. *Thompson,* 56 Ill. 138; *Tuller* v. *Talbot,* 23 id. 298; *Railroad Co.* v. *Dunn,* 61 id. 385; *Railroad Co.* v. *Arnol,* 144 id. 261; *Railroad Co.* v. *Kerr,* 148 id. 605; *Elwood* v. *Railway Co.* 90 Ill. App. 397; *Field* v. *French,* 80 id. 78.

An instruction which refers the jury to the declaration for the issues is not to be commended.  *Railroad Co.* v. *King,* 179 Ill. 91.

It is reversible error to give an instruction which allows the jury to find a verdict upon a count which is defective. *Mining Co.* v. *Ullman,* 89 Ill. 244; *Railroad Co.* v. *McPherson,* 193 id. 629; *Rolling Stock Co.* v. *Chadwick,* 35 Ill. App. 474; *Railway Co.* v. *Matthews,* 50 id. 267; *Railroad Co.* v. *Eselin,* 86 id. 94.

The first office of an instruction is to explain the issues to the jury.  11 Ency. of Pl. & Pr. 56; *Railroad Co.* v. *King,* 179 Ill. 91; *Forbes* v. *Jason,* 6 Ill. App. 395; *Grant* v. *Railway Co.* 25 Mo. App. 227; *Souvais* v. *Leavitt,* 50 Mich. 108; *Newell* v. *St. Louis B. & I. Co.* 5 Mo. App. 253; *Keatley* v. *Railway Co.* 94 Iowa, 685.

J. Warren Pease, for appellee:

The practice of giving many instructions where few are needed is not to be commended, and where counsel for either party submit an unreasonable number of instructions the Supreme Court will not reverse·for the refusal of proper instructions, if, upon the whole, the jury were fairly instructed as to the law pertinent to the is-

sues. *Railroad Co.* v. *Title and Trust Co.* 79 Ill. App. 623; *Fisher* v. *Stephens*, 16 Ill. 397; *Railroad Co.* v. *Manning*, 70 Ill. App. 239; *Kunder* v. *Smith*, 45 id. 368; *Wilmerton* v. *Sample*, 39 id. 60; *Achenbach* v. *Fesser*, 55 id. 580; *Betting* v. *Hobbett*, 42 id. 174; *Chicago Athletic Ass.* v. *Eddy Manf. Co.* 77 id. 204; *Railway Co.* v. *Ryan*, 165 Ill. 88.

The operation of cars in an overcrowded condition, resulting in injury to a passenger standing in an exposed situation, such as a platform, step or foot-board, is negligence. *Railroad Co.* v. *Dumser*, 60 Ill. App. 93; 161 Ill. 190; *Railroad Co.* v. *Williams*, 50 S. W. Rep. 732; *Graham* v. *Railway Co.* 149 N. Y. 336; *Pray* v. *Railway Co.* 44 Neb. 167; *Lehr* v. *Railroad Co.* 118 N. Y. 556.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, as administrator of the estate of Gustave Rucks, deceased, brought this suit in the superior court of Cook county, against appellant, to recover damages resulting to the next of kin from the death of said Gustave Rucks, and obtained a judgment for $5000, which has been affirmed by the Branch Appellate Court for the First District.

Deceased was killed in the afternoon of March 18, 1899, while standing on the foot-board of the defendant's grip car and passing through the LaSalle street tunnel, in the city of Chicago. He was in the employ of the American District Telegraph Company, and was between seventeen and eighteen years of age. He was sent from the office on the south side, together with nine other messenger boys, to the Marquette Club, on the north side. They went to the corner of Randolph and LaSalle streets to take a Clark street cable car. There was a parade of soldiers on the street returning from the Spanish war, which stopped travel for a time and a large crowd gathered. When a train finally came along it was crowded, and the boys boarded the grip car at the street corner

on the right-hand side. Rucks and most of the boys with him stationed themselves on the running-board at the side of the grip car. He stood opposite the second post from the front and held to the upright bar with his left hand. There were one or two others in front of him and several behind him on the running-board. In passing through the tunnel, the walls, which were of rough stone, were quite near to the car, the witnesses for the plaintiff giving different estimates, varying from three to twelve inches from the running-board or foot-board. There was a large number of witnesses, but none of them knew exactly how the accident occurred, although it appears that he was thrown off in some way by coming in contact with the wall. He was turned around and passed between the wall and the boy who stood next to him, and fell to the floor of the tunnel, suffering the injuries of which he died. He was a large boy, five feet six inches in height, heavily built and broad in the shoulders, and weighed about one hundred and fifty pounds. Plaintiff's witness who gave the only particular account of the accident, said that the conductor was standing in the center of the car, collecting fares and reaching out and ringing the bell for the purpose of registering fares collected; that the witness reached in his pocket for his fare and noticed Rucks' arm go up as though reaching for his fare; that witness could not see where his hand went, but saw his shoulder rise up and his arm, as though bending at the elbow, and that he suddenly went past the witness against the wall. The evidence tended to prove that Rucks, hearing the bell ring and the conductor gathering fares, attempted to reach down in his pocket for his car ticket or fare, and in that way struck the wall. As soon as the accident happened a number of passengers called to the gripman to stop the car, and he put on the brakes and stopped it at once within half a car length.

The court, at the request of the plaintiff, gave to the jury the fifth instruction, as follows:

"If the jury find, from the evidence herein, that the plaintiff has made out his case, as set forth in his declaration, by a preponderance of the evidence herein, then they should find for the plaintiff herein."

By this instruction the court submitted to the jury the general proposition whether the plaintiff had made out his case as set forth in his declaration, and directed them to find for him if he had so made out his case, but the court refused to give instructions asked by the defendant which stated and explained the issues formed by the declaration and the plea, and the refusal to give such instructions is assigned as error.

The declaration contained five counts. The first alleged that Rucks became a passenger on the car; that he was unable to find a seat and took passage on the foot-board from Randolph street down into a certain tunnel used by the defendant for the purpose of passing its cars under the Chicago river, and that the defendant so carelessly and negligently managed and controlled the train that Rucks, while in the exercise of all due care, became and was pushed, scraped, thrown and knocked off said foot-board, suffering injuries from which he died. There was no evidence whatever tending to show any careless or negligent management or control of the train while it was proceeding through the tunnel. It was stopped immediately upon the occurrence of the accident, and it was admitted by counsel for the plaintiff, on the trial, that the car was moving smoothly at the time. The second count, after alleging that Rucks became a passenger, alleged that while he was in close proximity to the walls of the tunnel defendant carelessly and negligently demanded his fare, thus causing him to reach within his pocket for said fare, and that while he did so, in the exercise of due care, his arm or certain portions of his body, because of said movement, struck the wall of said tunnel, causing him to lose his hold and to be thrown to the ground. The fourth count was to the same effect, the negligence

charged being, that the defendant carelessly and negligently collected, or attempted to collect, fare from Rucks, causing him to reach within his pocket for his fare, and while he did so, in the exercise of ordinary care, his arm and a certain portion of his body, because of such movement, struck or touched the walls of the tunnel, which, together with the forward motion of the car, caused him to lose his hold. The only evidence respecting the collection of fares was the fact above stated, that the conductor was in the center of the car taking fares and ringing the bell as they were collected. The third count alleged that the car was crowded and there were no available seats; that defendant had provided for the convenience of its passengers a foot-board, upon which they could stand, and it charged as negligence that defendant carelessly and negligently permitted certain passengers, among them said Rucks, to stand upon said foot-board, whereby he, while in the exercise of due care, became and was caught by the walls of the tunnel and thrown to the ground. The fifth count alleged that the defendant had provided, in addition to the seats on the car, the foot-board, on which passengers could stand; that the walls of the tunnel were so near that there was danger to passengers standing on the foot-board coming in collision with the walls; that there were passengers standing upon the foot-board, among them said Rucks, and that defendant carelessly, negligently and improperly ran and operated its cars through said tunnel so loaded, whereby he became and was struck or touched by the walls of the tunnel and his hold or grasp upon the car was broken or lost and he was thrown to the ground.

One of the instructions asked by the defendant and refused by the court fully and correctly explained to the jury the allegations and charges of the first count, and that the defendant denied there was any negligence in the management or control of the train, and stated that if the jury should believe, from the evidence, there was

no negligence in the management and control of the train at the time and place mentioned, the plaintiff could not recover upon said first count. Another instruction so refused explained the issues under the second and fourth counts, and told the jury that if they believed, from the evidence, that the plaintiff had failed to prove the allegations of those counts he could not recover upon them. There was a like instruction asked and refused as to the fifth count. The fifth instruction given at the request of the plaintiff submitted to the jury charges in the declaration which there was no evidence tending to prove, and the refused instructions properly and clearly explained the issues between the parties and gave proper directions as to the requirements of the law concerning proof. No objection is made to any of the instructions as ground for refusing them, but it is said that they were properly refused because there was an unreasonable number of instructions asked. It may be that more instructions were asked by defendant than were required, but that fact would not justify the court in the refusal of necessary and proper instructions. Those that were given were of a general character, most of them applicable to any case. The fifth which was given, in effect told the jury that they were to try the issues under the averments of the declaration, while the court refused to explain to the jury what the issues were. It is not error to give an instruction of the character of the one given, authorizing a recovery upon proof of the case stated in the declaration, where the counts each state a cause of action and there is evidence tending to sustain them. (*Mt. Olive Coal Co.* v. *Rademacher*, 190 Ill. 538; *Central Railway Co.* v. *Bannister*, 195 id. 48.) In this case there was at least one count which there was no evidence tending to prove.

The main contention of counsel is, that if the defendant undertook to carry so heavy a load of passengers, the conductor should have refrained from collecting fares

from those who were standing on the foot-board close to the walls of the tunnel, and that the question whether the collection of fares should have been deferred until the car got out of the tunnel was one of fact for the jury. It is true that the determination of the facts is for the jury, but it is the duty of the court to instruct them as to the issues, and the law applicable thereto, when requested. Certainly, no instructions could be more important in this case than those which explained the issues to the jury. The first office of instructions is to explain the issues. (11 Ency. of Pl. & Pr. 56; Thompson on Trials, sec. 1027.) It was not charged as negligence that the defendant failed to provide a sufficient number of cars or seats, or that it laid its rails or ran its cars so close to the walls as to render a passage dangerous, but only that the train was carelessly run and managed; that defendant allowed passengers to stand on the foot-board, and that the conductor demanded fare of the deceased while in that position. It cannot be said to be negligence, as a matter of law, under all circumstances, for a carrier of passengers to permit a passenger to stand upon a foot-board. It has been held that the courts will not declare it negligence, as a matter of law, for a passenger to stand in an exposed position of that kind. (*North Chicago Street Railroad Co.* v. *Williams*, 140 Ill. 275; *Chicago and Alton Railroad Co.* v. *Fisher*, 141 id. 614; *Lake Shore and Michigan Southern Railway Co.* v. *Kelsey*, 180 id. 530.) It would seem to follow that it is not negligence *per se*, under all circumstances, for a carrier to allow a passenger to stand in such a place. Whether it is negligence on the part of either in a particular case is a question of fact, but if no seat is furnished and the carrier permits a passenger to ride in that way, the carrier assumes the duty of exercising the care demanded by the circumstances.

On the question of the care required by the law from the defendant, the court gave, at the request of the plaintiff, the sixth instruction, as follows:

"The court instructs you, as a matter of law, that carriers of passengers are held to the exercise of the utmost or highest degree of care, skill or diligence for the safety of the passengers that is consistent with the mode of conveyance employed."

The court refused to give an instruction asked by the defendant limiting the degree of care required, to the highest degree consistent with the practical operation of the railroad. A railroad company, as a carrier of passengers, is held by the law to the use of the highest degree of care consistent with the practical operation of its railroad. It is bound to do all that human care, vigilance and foresight can reasonably do, consistent with the mode of conveyance, the practical operation of its road and the exercise of its business as carrier. (*Tuller* v. *Talbot,* 23 Ill. 298; *Chicago, Burlington and Quincy Railroad Co.* v. *Dunn,* 61 id. 385; *Chicago and Alton Railroad Co.* v. *Arnol,* 144 id. 261; *Pittsburg, Cincinnati and St. Louis Railway Co.* v. *Thompson,* 56 id. 138.) In this case it was not inconsistent with the mode of conveyance to operate the car at such a slow rate of speed as to prevent the occurrence of any accident. This case was of such a character as to require accurate instructions concerning the law. In a case where the argument is made and the jury may believe that the defendant was bound to insure the safety of the passengers on the foot-board by running the car in such manner that they could not be hurt, the instruction, without the qualification, ought not to be given. At any rate, it was error to refuse the instruction, which correctly stated this qualification of the rule.

The judgments of the Appellate Court and the superior court are reversed and the cause is remanded to the superior court.                    *Reversed and remanded.*