## Schlesinger & Mayer v. Emma Scheunemann.

### Gen. No. 11,178.

1. OPINION EVIDENCE—*when, incompetent.* It is erroneous to permit a witness to give his opinion as to the weight, sufficiency of material used in, and the strength of clips, where such witness did not claim to have any special knowledge of such matters nor to have made any particular examination of such clips.

2. COLLATERAL MATTERS—*when evidence of, incompetent.* Where an attempt is made to show that certain patented clips were liable to break frequently in ordinary use, to such an *extent as to make* them unsafe, and evidence is offered that these breaks had been so frequent before the accident in the particular case as to constitute notice to the defendant and make the continued use of such patented clips negligence, such breaks must affirmatively appear by such evidence to have occurred before the accident in suit.

3. RIGHT OF RECOVERY—*when instruction upon, is erroneous.* An instruction which tells the jury that they should find the defendant guilty if they believe *inter alia* "that the defendant was negligent in manner and form and under the circumstances as charged in the declaration," is erroneous, where it is admitted that there was no evidence tending to sustain certain counts of the declaration, and where the defendant had asked and the court had refused instructions directing the jury to disregard such counts.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1903. Reversed and remanded. Opinion filed June 17, 1904.

**Statement by the Court.** Appellee recovered a judgment against appellant in an action for personal injuries from which judgment this appeal is taken.

Appellee, a young woman about nineteen years of age, was crossing Pacific avenue, Chicago, a little after six o'clock in the evening of July 2, 1900. When on the crosswalk and about the middle of the street waiting for a passing wagon to get out of the way, a horse with a pair of wagon shafts attached came running from the south and knocked appellee down, inflicting the injuries complained of. The horse had broken away from one of appellant's delivery wagons about half a block from the place where

appellee was injured.   It appears that one of the "clips" or couplings by which the shafts were attached to the wagon had broken, thus releasing the other clip and allowing the shafts to fall against the horse's heels.   The latter broke away from his driver who was, it is said, pulled off the wagon and thrown upon his knees.   The clip, a part of which gave way, is known as the "Bradley Patent Clip." The wagon it is said weighed about 800 pounds, and was the lightest of thirty-seven delivery wagons used by appellant in its business.   Its load is said to have weighed about seventy-five pounds.

LACKNER, BUTZ & MILLER and C. E. HECKLER, for appellant.

GEMMILL & FOELL, for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The grounds upon which appellee bases her claim to recover are, first, that the clip or coupling was too weak and light for the purpose for which it was used by appellant, and that the latter was negligent in so using it; second, that the driver was negligent in not properly controlling his horse.   In support of the first of these contentions appellee introduced evidence tending to show that clips on another of appellant's wagons weighing, however, more than the one connected with this accident, had broken seven times in seven months.   This testimony is expressly contradicted by witnesses for appellant, who had charge of keeping appellant's wagons in repair, who state that instead of seven, that wagon had only one clip replaced since the time it was originally equipped with such device.   Another of appellant's former employees, who for two years was also driver of a wagon heavier than that here in controversy, testified that on one occasion, but when does not appear, one of the clips had broken while he was driving. On the other hand appellant introduced considerable testimony of those who had driven its delivery wagons equipped

with the same clips for a number of years, without any break or other trouble with them; and the testimony of a number of carriage and wagon manufacturers was also introduced whose evidence is uncontradicted and tended to show that the Bradley Clip is in general use, is considered suitable and safe for wagons such as are used by appellant, and that while it sometimes breaks, the old style of clip frequently broke.

Appellant urges that the trial court erred in the admission of incompetent evidence and that these errors are such as to make it the duty of this court to set aside the judgment. The witness who testified that seven of the clips had broken in seven months on a wagon in his charge, was allowed over objection to give his opinion as an expert that these clips were not heavy enough to stand the work required of them. His qualification as an expert was such as resulted from having driven for seven or eight years one of appellant's delivery wagons heavier than the one connected with the accident, and equipped with the Bradley Clip. We are compelled to agree with the contention that it was erroneous to allow the witness to give his opinion as to the weight, sufficiency of material used in and strength of the clips, and that the objection and subsequent motion to strike out the answer were sufficiently specific. The witness does not claim to have had any special knowledge of the strength of the material, nor to have made any special examination of the clips. His opinion was entitled to no more weight than that of any other man. It was solely based on the alleged fact that the clips had broken a number of times while in use. It was the province of the jury to say what conclusion should be drawn from the facts in evidence, and the opinion of the witness was entirely irrelevant and immaterial. If the jury believed from all the evidence that the clips were under ordinary conditions constantly liable to break and hence unsafe, they were at liberty to form their own conclusions. If, on the other hand, they believed from all the evidence that these appliances were in common and satisfactory use, as reason-

ably safe as other devices for the purpose and an improve-
ment on other devices, they were entitled to form their
opinions unbiased by the opinion of a witness called to
testify in behalf of one party to the suit.    See Hellyer v.
The People, 186 Ill. 550–558.    It is to be borne in mind
that the purpose of appellee's evidence in reference to the
clip was to show that it was liable to break frequently in
ordinary use to such an extent as to make it unsafe, and
that these breaks had been so frequent before the accident
in this case as to constitute notice to appellant and make
its continued use negligence for which appellant was liable
to appellee.    Evidence of breaks occurring after the acci-
dent in controversy was therefore clearly inadmissible,
and hence it was error to admit the testimony of the wit-
ness Dohn over appellant's objection, it not appearing
whether the break to which he testified occurred before or
after the accident to appellee.    There is other testimony
in the record of the same nature given over appellant's ob-
jection, which we need not take time and space specifically
to point out, but which we think should not have been
admitted.    Howe v. Medaris, 183 Ill., 288–295.

The fourth instruction given for appellee told the jury
that they should find appellant guilty if they believed *inter
alia* "that the defendant was negligent in manner and
form and under the circumstances as charged in the dec-
laration."    It is admitted that there was no evidence
tending to sustain the second and third counts of the dec-
laration, which charged, one, that appellant's wagon was
negligently placed in charge of a driver whom it knew or
in the exercise of reasonable care might have known to be
inexperienced, incompetent, careless and reckless; and the
other, that appellant knowingly used a horse which was
wild, unruly and fractious, dangerous and vicious.    Appel-
lant offered two instructions to the effect that the plaintiff
had failed to prove the negligence charged in those two
counts, which the court refused.    By the fourth instruction
the court submitted to the jury the question whether appel-
lant was guilty in manner and form "as charged in the dec-
laration," including the two counts in question, which there

wa₃ no evidence tending to support; yet it refused so to instruct the jury, and refused also the eleventh instruction requested by appellant, to the effect that there was no evidence that the horse which ran away was unsafe. We regard the refusal of these instructions in connection with the fourth instruction given for appellee as erroneous and prejudicial to appellant. The case is of a character requiring accurate instructions. Appellant was not guilty in manner and form as charged in the declaration. The jury under the .evidence had no right to so find, and should have been so told. See N. C. St. Ry. v. Polkey, 203 Ill. 225–231.

Other questions are presented in the briefs, but as the case must be retried we deem it unnecessary to extend this opinion by further comment. The judgment must be reversed and the cause remanded.

*Reversed and remanded.*