## Tri-City Railway Company v. Bertha Wiedenhoeft.

### Gen. No. 4,466.

1. COMMON CARRIERS—*when instruction erroneously stating duty of*, *constitutes harmless error*. An instruction as follows: " * * all that human care, vigilance and foresight could reasonably do under the circumstances and in view of the character of the mode of conveyance adopted," notwithstanding it erroneously states the rule of care required, constitutes harmless error inasmuch as the proof showed a clear case of liability.

2. VERDICT—*when excessive*. A verdict for $2,013 is excessive where it appears that the injury received consisted only of the scraping of the plaintiff's skin from her arm and knee, some bruises and pain, and the evidence as to the permanency of the injury is unsatisfactory.

Action on the case for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, pre-

siding. Heard in this court at the October term, 1904. Affirmed upon remittitur. Opinion filed March 8, 1905.

Jackson, Hurst & Stafford, for appellant.

McEniry & McEniry, for appellee.

Mr. Justice Dibell delivered the opinion of the court.

As Mrs. Bertha Wiedenhoeft was alighting from a car operated by the Tri-City Railway Company in the city of Moline, upon which car she was a passenger for hire, the car suddenly started and threw her to the ground, and she received injuries therefrom for which she brought suit against the railway company. She recovered a verdict and a judgment for $2,013, and defendant appeals.

The first instruction given at the request of plaintiff undertook to state the duty of common carriers of passengers. It required " all that human care, vigilance and foresight could reasonably do under the circumstances and in view of the character of the mode of conveyance adopted." We are of opinion it was defective in not limiting the degree of care required to the highest degree consistent with the practical operation of the railroad. North Chicago St. R. R. Co. v. Polkey, 203 Ill. 225. 'But we are of opinion this omission was harmless, for the reason that the proof showed a clear case of liability against the defendant.

The skin upon plaintiff's arm and knee was scraped or roughened so as to draw blood, and she received some bruises. No bones were broken or dislocated. The claim that she received any serious and permanent injury, rests practically upon her own testimony. She claims she suffers pain in her hip, and is unable to perform her usual household duties. The proof that she is still seriously affected by the injury is in our judgment not satisfactory, and after a consideration of all the proof upon that subject we are of opinion the verdict was excessive. After giving liberal allowance for the injury that the evidence seems to establish, we are of opinion that $1,200 would be ample compensation for all the damages she has sustained. This

opinion will be lodged with the clerk and the parties notified, and if within seven days thereafter plaintiff files a remittitur here of all her judgment in excess of $1,200, the judgment will then be affirmed at her costs. If she does not file such remittitur the judgment will be reversed and the cause remanded for another trial.

After the foregoing opinion was lodged with the clerk appellee filed in this court a remittitur of all of her judgment in excess of the sum of $1,200. The judgment of the court below is therefore affirmed in the sum of $1,200 at the costs of appellee.

*Affirmed upon remittitur.*