THE CHICAGO CITY RAILWAY COMPANY

*v.*

KATE McCAUGHNA.

*Opinion filed June 23, 1905.*

1. STREET RAILWAYS—*duty of warning a passenger of a sharp curve.* A street car conductor who has directed a passenger to go from one car to another just before reaching a sharp curve in the track, is charged with the duty of warning the passenger of the danger of a sudden lurch of the car on the curve or of so controlling the car as to eliminate the danger.

2. SAME—*it is not negligence per se for a passenger to ride on platform of street car.* It is not negligence *per se* for a passenger to ride upon the platform of a crowded street car, particularly where she is upon the platform at the invitation of the conductor to pass from one car to another to procure a seat.

3. TRIAL—*when right to assign error is waived.* The right to assign error upon admission of certain evidence is waived where counsel, in making his objection, states that he does not care for what has already been testified to, and the examination of the witness upon that line is discontinued.

4. EVIDENCE—*when an error in admitting evidence will not reverse.* Error in failing to require explanation of conflicting statements of a physician who testifies that he knows of the plaintiff's nervous condition himself, independently of what she had told him, but subsequently states that he knows nothing about it except from her statement, is not prejudicial, where her nervous condition is shown by other competent evidence.

5. SAME—*evidence of extreme nervousness is not dependent upon hearsay.* Evidence tending to show an extreme nervous condition may be based upon observation of the looks, actions and manner of speech of the afflicted person, independently of what the person has said to the witness with reference to such condition.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

This action is brought by appellee, against appellant, to recover damages for injuries sustained by being thrown from one of appellant's cable trains upon which she was a passenger, at the intersection of Wabash avenue and Twenty-second street, in the city of Chicago, on the 19th day of September, 1901.

The cause of action is set out in the original declaration, consisting of two counts and two additional counts. The first count, after charging that on the 19th of September, 1901, appellant controlled and operated a cable street railroad as a common carrier of passengers for hire in Wabash avenue, in the city of Chicago, alleges, in substance, that appellee became a passenger on a south-bound train toward Twenty-second street; that she was unable to find a seat in the car on which she was riding and remained upon the rear platform; that before the train reached Twenty-second street the conductor told her there was a seat for her upon the grip-car, directly in front of the car upon which she was riding, and said to her that she should walk through the car on which she was riding, to the front platform, and that she could then step over onto the grip-car; that she thereupon walked through the car upon which she was riding, to the front platform, and while in the exercise of due care attempted to step from that platform onto the grip-car, as requested by the conductor; that the defendant, knowing the premises, or which by the exercise of diligence it should have known, ran the car at a great rate of speed, so that as the

train was about to turn from Wabash avenue into Twenty-second street, and without warning to the appellee, it gave a sudden jerk and she was thrown.

The second count is substantially the same as the first, except that the negligence therein charged against appellant is that appellee was unable to find a seat and remained on the front platform; that it was the duty of the appellant to provide her a safe and suitable place on the car on which she was riding; that at the time she was riding upon said car and upon the front platform as a passenger and in the exercise of due care for her safety, defendant, though knowing the premises, or which by the exercise of reasonable diligence it should have known, but not regarding its duty, carelessly, negligently and knowingly ran said train at a great rate of speed near and at the intersection of Wabash avenue and Twenty-second street, and without any warning to the plaintiff the train gave a sudden and violent jerk at the place where said cars turn into Twenty-second street from Wabash avenue, and that she was with great force and violence thrown upon the ground.

The first additional count charges that plaintiff was a passenger for hire upon one of the cars of the defendant on said line which was attached to and drawn by a grip or motor-car southward on said avenue; that the car on which she was riding contained a large number of other persons and was crowded to such an extent that she was unable to obtain a seat, and that while she was on the rear platform the conductor of the car informed her that she could obtain a seat by passing through the car to the grip or motor in front, and directed her and suggested to her that she walk through the car on which she was riding; that she acted upon such direction and suggestion and passed forward through said crowded car on which she was riding, in an attempt to reach the grip or motor-car; that the servants of defendant carelessly, recklessly, negligently and wantonly gave said direction or suggestion to plaintiff while she was

a passenger at the time when the car and the train of which it was a part were about to reach Twenty-second street, at which point the tracks of said line turn eastward from Wabash avenue onto Twenty-second street; that while she was acting on the suggestion and direction of said servant of defendant and was pressing forward in said car, and when she had reached the front platform and was about to pass from it to the grip or motor-car, the car and train were suddenly and with great speed turned and jerked on said track about said curve, and through no fault of her own, while in the exercise of all due care for her own safety and while attempting carefully to follow the direction and suggestion of defendant, she was with great force and violence thrown and hurled from said platform of the car upon the ground at the intersection of Wabash avenue and Twenty-second street.

The second additional count charges that plaintiff was a passenger on said train for a reward; that while it was turning the corner of Wabash avenue and Twenty-second street, defendant, by its servants, carelessly, negligently and improperly caused the speed of said train to be suddenly and without warning increased and accelerated and the train to be suddenly jerked, so that by reason of the carelessness, negligence and improper conduct of the defendant in that regard, the plaintiff, while a passenger riding upon the platform of said train and in the exercise of due care and caution for her own safety, was thrown violently therefrom to and upon the ground.

The injuries alleged to have been sustained by plaintiff are divers internal injuries to the muscles in the lumbar region and severe injuries to her head, back and nervous system; that her knees, head, legs and shoulders were sprained, bruised, discolored and wounded, and that she was otherwise permanently injured.

Defendant pleaded the general issue, and upon a trial before a jury a verdict was rendered for the sum of $3000,

on which verdict judgment was rendered. Upon appeal to the Appellate Court a *remittitur* was entered of $1000 and judgment entered for the sum of $2000, and a further appeal is prosecuted to this court.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

FRANK SCHOENFELD, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

But two questions are presented upon this record. The first is upon the refusal of the court to give the peremptory instructions asked by appellant at the close of plaintiff's evidence and at the close of all the evidence. The second is upon the admission of certain evidence. The first question therefore to be considered is whether or not the evidence, from all the inferences that may be drawn therefrom, fairly tends to support plaintiff's cause of action, and not whether plaintiff has proved her cause by a preponderance of the evidence, as is apparently contended for by appellant. If there was evidence fairly tending to support plaintiff's cause of action as laid in the declaration, then there was no error in the refusal of the court to give the instruction.

The accident in question occurred upon what is known as appellant's Cottage Grove avenue line, which is operated by endless cable. The record shows that the train involved in the accident was composed of a grip and two back cars until it reached Eighteenth street, at which point the rear car, or what is known as the Indiana avenue car, was detached from the train and the grip and one car proceeded on their journey. The evidence for appellee at least fairly tends to show that appellee and her friend, a Mrs. Froelich, took a Cottage Grove avenue car at the corner of Twelfth street and Wabash avenue. The car was going south, and they got on the car next to the grip, on the back platform. The

evidence shows that there were two or three other persons standing on the back platform and people were holding on to the straps inside. Either appellee or her friend paid the fares. They rode upon the back platform for a short time, and appellee said to the conductor, "I wish we could get a seat," and Mrs. Froelich asked the conductor if there were any seats on the grip, and the conductor replied, "Yes, ladies, there are." Appellee then said, "When we get to the next stop we will get off and get one." The conductor replied, "You do not need to wait to do that, ladies; you can walk right through the car there." The two ladies then started through the car, Mrs. Froelich being in the lead. When they got to the front platform Mrs. Froelich crossed over and appellee followed, and about the time appellee was stepping from one car to the other the car was swinging around the corner at Twenty-second street. Other witnesses confirm the testimony of the above named, that the car gave a sudden jerk and appellee was thrown from the car and injured substantially as alleged in the declaration. The evidence shows that the conductor knew that the car would swing around this corner, and knew that the car was near the corner when he told appellee to walk through the car. It was therefore his duty to inform her of the danger of the car making the sudden turn, or to have so controlled the car that there would have been no danger in her passing from one car to the other. The night was dark and misty, and while appellee admits that she knew of the condition of the track at this place and knew of the turn, yet she was unable to tell, nor did she know, that she was at or near this point.

Nor do we think it was negligence *per se* for appellee to be or ride on the platform of the street car, as contended by the appellant, and especially under the circumstances under which she came to be upon the platform of the car. Cases cited by the appellant have no application to the case at bar for the reason they are all upon cases where the parties were riding upon the steps of a steam railroad and a different rule

therefore applies, as it is much more hazardous to ride upon the platform of a fast moving train.  Besides, the public are not, as a usual thing, invited to ride upon the platform, but, on the other hand, are given warning that they must neither stand nor be upon the platforms of cars while they are in motion.  Under the circumstances under which appellee came to be upon the platform of the car, whether or not it was such negligence as would preclude a recovery, and whether appellee, standing upon the platform, was in fact negligent, were questions of fact for the jury to determine from all the facts and circumstances surrounding the transaction.  *North Chicago Street Railroad Co.* v. *Baur,* 179 Ill. 126.

We are therefore of the opinion that it was not error to refuse the instruction.

As to the first evidence complained of, the following colloquy took place between the court, counsel and a witness:

Q.  "What did you find on pressure of that nerve, if anything?

A.  "Evidence of pain as complained of by the patient.

Judge Page: "That is subjective, isn't it?

A.  "Entirely; yes.

The court: "Well, am I called upon to rule here?

Judge Page: "If he doesn't go any further I don't care. I object to it on the ground that it is subjective, and the doctor says it is.

The court: "Well, my ruling will be to overrule your objection."

It will be seen that the attorney for appellant remarked, "If he doesn't go any further I don't care."  The record discloses that the examination along this line was discontinued, and we are unable to see how appellant can now urge that the admission of this evidence was error.  If it was, in fact, erroneous, counsel having said that he did not care for what had already been testified to, is in no position to assign an admittance of the same as error.

The only other evidence complained of is as follows:

Q. "When you say she was nervous are you telling what she told you, or not?

A. "No, sir; I know that myself; she is very nervous.

Q. "Just disregard everything she told you. Tell me anything you saw, if you have personal knowledge yourself upon which to base the statement that she is nervous.

A. "Only just her state of nerves. She seems nervous and speaks—

Q. "Only just her statement, did you say?.

A. "Her state of nerves.

Q. "Do you know anything about it except from her statement?

A. "No, sir."

While the two answers are somewhat conflicting and should have been explained, yet we do not think the error was so great as to warrant a reversal of the case, as other competent evidence was admitted showing her nervous condition. Nor do we think the case of *Chicago and Eastern Illinois Railroad Co.* v. *Donworth*, 203 Ill. 192, controlling or even in point in this case. In that case the witness was testifying as to the hearing of one ear of the defendant, and the court held that inasmuch as the witness had to take the statement of the defendant in order to determine whether or not he was in fact deaf, it was not competent. In cases of extreme nervousness a physician or other person of ordinary observation can tell by the looks, actions and manner of speech of a person, and is not compelled to rely upon what such person says in reference to the same in order to form an opinion. The answer of the witness, when interrupted, was proceeding upon a reasonable line of observation.

Finding no reversible error the judgment of the Appellate Court is affirmed. *Judgment affirmed.*