# CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ILLINOIS.

THE ALTON LIGHT AND TRACTION COMPANY

*v.*

FRANK OLLER.

*Opinion filed October 24, 1905.*

1. STREET RAILWAYS—*speed of car should be regulated if car is crowded.* A street railway company whose servants have invited passengers to crowd upon the car, filling the seats, aisles and platforms, owes the duty of so regulating the speed of the car as to render the highest degree of care for the safety of the passengers, consistent with the mode of conveyance and the practical operation of the car.

2. SAME—*whether it is negligence for a passenger to stand on step of car is for the jury.* Whether it was negligence for a passenger to stand upon the step of a crowded car or whether it was negligence to board the car in its crowded condition, the conductor having urged passengers to "crowd on—this is the last car for the city," are questions of fact for the jury.

3. INSTRUCTIONS—*instruction ignoring a material issue is properly refused.* An instruction directing a verdict for the defendant street car company if the jury believed the plaintiff had failed to prove certain allegations by a preponderance of the evidence, but which ignores a material allegation of negligence which the evidence tends to prove, is properly refused.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. CHARLES T. MOORE, Judge, presiding.

LEVI DAVIS, for appellant.

DAVID E. KEEFE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The appellee, a boy of about the age of sixteen years, was awarded judgment in the sum of $6500 against the appellant company for damages occasioned by personal injuries through the alleged negligence of the appellant company, and the judgment was affirmed by the Appellate Court for the Fourth District. This appeal seeks the reversal of the judgment of affirmance.

The declaration contained two counts, and we think the testimony so far tended to prove the allegations of each of them that the court did not err in refusing to grant the motion entered by the appellant company for a peremptory verdict in its favor.

The appellant company is a common carrier of passengers for hire, and on September 7, 1903, was operating cars on its line for the transportation of passengers from Rock Springs Park to the city of Alton. It was Labor Day, and the labor organizations had a picnic at the park. The appellee was in attendance, and about 9:30 o'clock P. M. became a passenger on one of appellant's cars to be transported to his home in the city of Alton. The evidence tended to show the following state of facts: The seats were all occupied when appellee entered the car; that the car was kept standing at the park entrance for some five minutes or more, and that the conductor kept calling out, "Crowd on,—this is the last car for the city;" that when the car left the park

the seats were all occupied and the aisles and platforms were crowded; that the appellee was crowded out onto the steps of the front platform; that two boys were seated on the step on which the appellee was also standing; that he paid his fare and was entitled to and asked for a transfer to another line. The evidence tended to show that while on the trip to the city and while the car was going up a grade the motorneer turned on all the electrical power that the motor would permit, and that while the car was in rapid motion the conductor crowded out onto the front platform and cried out, "transfers;" that appellee, who had been holding on to the handle of the car, released one hand to take a transfer ticket from the conductor; that at this moment the car gave a lurch and threw other passengers who also stood on the platform against the appellee (as charged in the first count) and knocked him from the car, or the lurching and rapid motion of the car threw him therefrom, (as charged in the second count,) and that he fell with his left foot under the car, across the rail, and the wheel of the car passed over his left foot, rendering amputation necessary, and his left leg was amputated a few inches below the knee.

The servants of the appellant company invited passengers to occupy the car beyond its capacity, and knowingly permitted, if they did not induce, passengers to stand on the platforms and steps of the car. In such case the carrier assumes the duty of exercising, for the protection and safety of the passengers, that degree of care that is demanded by the circumstances. (*North Chicago Street Railroad Co.* v. *Polkey*, 203 Ill. 225.) The obligation of a common carrier, which rested on the appellant company, was to do all that human care, vigilance and foresight could reasonably do, consistent with the mode of conveyance and the practical operation of the road, to convey appellee and the other passengers in safety to his and their destination. Slight care and foresight only was necessary to arouse apprehension

217—2

that the passengers on the platform and steps of the car would be endangered by any excessive speed, and that speed even more moderate than the usual rate of speed was the more prudent and safe course for the safety of such passengers. It was the duty of the appellant company to regulate the speed of its car in view of the fact that it had encouraged its patrons to overcrowd the aisles, platforms and steps. The high degree of care which the law enjoined upon it for the safety of its passengers should have been the paramount consideration. The practical operation of the car did not require that a rapid rate of speed should be employed.

Whether it was negligence on the part of the appellee, as a passenger, to stand on the steps or platform of the car was a question of fact for the decision of the jury, (*North Chicago Street Railroad Co.* v. *Polkey, supra,*) and not of law to be determined by the court. The cause was properly submitted to the jury.

It is complained that the court gave instructions Nos. 3a and 4. These instructions are as follows:

3a. "The court instructs the jury that the acts of negligence charged against the defendant in plaintiff's declaration are, negligence in permitting its cars on which the plaintiff rode to be overcrowded, and negligence in running its car on which the plaintiff rode at an excessive rate of speed.

4. "The court instructs the jury that if you believe, from the preponderance of the evidence in this case, that the plaintiff, Frank Oller, on the 7th day of September, 1903, became a passenger on one of defendant's cars, and that while he was a passenger of such car, he, while exercising due care for his own safety, was injured by the negligence of the defendant, as charged in plaintiff's declaration or some count thereof, then, in law, the defendant is liable for such injury, and the jury should so find by their verdict."

Counsel says that No. 4, standing by itself, was not objectionable, but that considered in connection with No. 3a it was seriously hurtful to the appellant company. Counsel

insists that instruction 3*a* applies to both counts of the declaration, and does not state fully the essential elements of the negligence charged in either count; that the jury were likely to understand from instruction 4, considered in connection with instruction 3*a,* that proof that the car was overcrowded, merely, would sustain the issue made under the first count. Both counts of the declaration charged that the company was guilty of negligence in causing and permitting the car to be overcrowded. The first count charged that the motion of the car forced the other passengers against the appellee and thus pushed him from the car. The second count charged like negligence in overcrowding the car, and that the motion of the car, the speed being rapid and dangerous, threw the appellee from the car. The overcrowding of the car and the motion or movement of the car were elements of negligence in both counts, and the manner in which the motion operated to throw the appellee from his place on the steps was stated differently in the two counts. The first count was based upon the theory that the appellant company induced and permitted the car, the platforms and the steps thereof to be so crowded with passengers that the movement or motion of the car at an ordinary rate of speed was dangerous to passengers, and that therefore the appellant company failed in its duty towards its passengers by attempting to run the car, so overcrowded, in the same manner and with the same speed and motion as would have been employed had it contained no more passengers than it was intended to accommodate and convey in safety. The second count charged the same negligence as to the overcrowding of the car, and alleged, in addition, that the company negligently propelled its car at even a greater than the ordinary rate of speed. Instruction No. 3*a,* therefore, though not carefully drawn, did not misdirect the jury as to the issues.

Instruction No. 8 asked by the appellant company and refused would have advised the jury that if they believed, from the evidence, that it was not proved that a crowd of

persons on a car pushed and forced the appellee from the car, they should return a verdict of not guilty. This instruction, if given, would have ignored and denied recovery if the appellee was thrown from the steps of the car by the rapid and excessive rate of speed thereof, as charged in the second count of the declaration. There was, as we have seen, evidence tending to support the negligence charged in the second count, and instruction No. 8 was therefore properly refused.

Other instructions given for the appellant advised the jury that they should not return a verdict for the appellee unless he had proved his case by a preponderance of the evidence.

The eleventh instruction asked by the appellant company and refused sought to have the court direct the jury that if the car was crowded at the time the appellee entered the same to become a passenger, then the appellee could not recover. It may be doubted whether there was proof on which to base this instruction; but aside from that, in view of the fact that the conductor invited persons to become passengers after the car had become crowded, the court could not say, as a matter of law, as the instruction asked him to do, that there could be no recovery. It was a question of fact whether appellee would, under such circumstances, have been guilty of negligence in going upon the car.

The judgment should not be reversed because the court refused to give instruction No. 14 asked by the appellant company. Instructions Nos. 5 and 6, which were given in the same behalf, correctly advised the jury as to the matters properly intended to be given by instruction No. 14. In addition to that, instruction No. 14, if given, would have advised the jury, (to quote therefrom,) "that the mere fact that the car was overcrowded, if proven, is not proof of negligence on the part of the defendant," and it was so framed as to authorize a verdict for the appellant company without consideration of the allegation of negligence in moving the

car at a rapid and dangerous rate of speed and the proof in support of that charge of negligence.

The record is free from error reversible in character, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*