WABASH RIVER TRACTION COMPANY *v.* BAKER.

[No. 20,788.　Filed June 7, 1906.　Rehearing denied October 25, 1906.]

1. CARRIERS.—*Street Railroads.—Passengers Alighting from Moving Train.—Contributory Negligence.*—The question of the contributory negligence of a woman who, on account of the crowded condition of a street car, sat on an improvised seat in the rear doorway and who stepped on the lower step as the car was coming to a stop and was thrown therefrom by a sudden start, is for the jury. p. 264.

2. TRIAL.—*Instructions.—Street Railroads.—Care Required.*—An instruction, in an action by a passenger against a street railroad company for damages for personal injuries, that a

higher degree of care is imposed upon street railroad companies than steam railroad companies, is erroneous. *Anderson* v. *Citizens St. R. Co.*, 12 Ind. App. 194, disapproved.   p. 265.

3. TRIAL.—*Instructions.—Carriers.—Street Railroads.—Care Required.*—An instruction that it is the duty of a street railroad company to carry its passengers to their destination and set them down as safely as the conveyance employed and the circumstances of the case will permit, is correct.   p. 266.

4. SAME.—*Instructions.—Carriers.—Street Railroads.—Care Required.*—An instruction that street railroad companies are bound to use greater care toward passengers than steam railroad companies is not misleading, where the jury is further instructed that street railroad companies are not insurers of the safety of their passengers and are liable only when they fail to exercise the highest degree of care to secure their passengers' safety.   p. 266.

5. SAME. — *Instructions.—Carriers.—Street Railroads.—Alighting from Moving Car.—Contributory Negligence.—Question for Jury.*—An instruction that plaintiff's attempt to alight from a moving car is not conclusive of contributory negligence, but that such question is for the jury, is correct.   p. 266.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Action by Ethel Baker against the Wabash River Traction Company and another. From a judgment on a verdict for plaintiff for $800, defendant company appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

*Sayre & Hunter* and *Barrett & Morris,* for appellant.
*Shively & Switzer* and *S. E. Cook,* for appellee.

MONTGOMERY, J.—Appellee recovered a judgment for a personal injury sustained while being carried as a passenger by appellant. The only assigned error relied upon is the overruling of appellant's motion for a new trial. The grounds of the motion urged upon us are insufficiency of evidence to sustain the verdict and error of law in giving to the jury instructions two and four at the request of appellee.

Appellee was returning to the city of Wabash from Boyd park, and it was near midnight when she was hurt. The car was crowded, the seats were full, some of the passengers sitting in the laps of others, the aisles and vestibules were filled, and some boys were on the top of the car. Appellee was required to stand, until, becoming tired, she removed her jacket and, placing it upon the step leading from the rear vestibule into the car proper, sat down upon it. She had notified the conductor that she desired to get off at "South Side," a customary stopping place in the city of Wabash. As the car approached her destination its speed was slackened until it did not exceed one mile per hour, whereupon appellee descended to the lower step ready to alight when the car should come to a full stop. The power was suddenly applied, causing the car to lurch forward, throwing the standing passengers off their balance, and bunching them together, and throwing appellee against the vestibule door and out upon the ground with great violence.

Appellant's counsel argue from these facts that appellee voluntarily left a place of safety, and took a perilous position upon the car, and that she is guilty of contributory negligence as a matter of law. If appellee had been furnished a customary seat within the car, this argument would impress us more favorably, but it can hardly be conceded that she was in a place safe against such perils as produced her injury, as long as she was required to stand or to occupy an improvised seat in the doorway where she was liable to be trampled by the standing passengers of the crowded car. The lateness of the hour and the unusual number on board would naturally suggest the desirability of dispatch in the discharge of passengers, and the slow speed at which the car was running would ordinarily induce a person already standing to believe that it was safe to move toward the place of exit, and we cannot say that under the circumstances shown appellee was guilty of negli-

gence in moving down to the lower step of the car, but affirm that the question of her negligence was rightly submitted to the jury for determination. *Indianapolis St. R. Co.* v. *Hockett* (1903), 159 Ind. 677; *Citizens St. R. Co.* v. *Merl* (1901), 26 Ind. App. 284; *Anderson* v. *Citizens St. R. Co.* (1895), 12 Ind. App. 194; *Citizens St. R. Co.* v. *Spahr* (1893), 7 Ind. App. 23; *Chicago City R. Co.* v. *McCaughna* (1905), 216 Ill. 202, 74 N. E. 819; *Alton, etc., Traction Co.* v. *Oliver* (1905), 217 Ill. 15, 75 N. E. 419.

Complaint is made of the giving of instruction two, which reads as follows: "The court charges you that there is a higher degree of care imposed upon street railways than upon ordinary steam railways, and if you should find in this case, by the evidence, that the plaintiff was a passenger on one of defendant's cars on the night in question, returning from Boyd park, bound for her home in Wabash, and in giving her ticket to the conductor notified him that she wished to get off at a regular stopping place in said city, known as South Side, it was the duty of the defendant to carry the plaintiff safely to said stopping place, and its duty toward the plaintiff as a carrier of passengers was not discharged or ended until it had conveyed her to the point designated, and set her down as safely as the means of conveyance employed and the circumstances of the case would permit, she exercising at the time due diligence and care, and not being guilty of contributory negligence." The opening statement embodied in this instruction, that a higher degree of care is imposed upon street railways than upon ordinary steam railways, is not approved either as a proper method of defining a duty or as a correct statement of the law, although it was taken from the opinion in *Anderson* v. *Citizens St. R. Co., supra.*

The care required to be exercised by a steam railroad company for its passengers is nowhere stated in the in-

structions, but such a company is not before us, and if it were could not complain because its duty was understated. The duty of a street railway company towards passengers is defined with reasonable accuracy in the residue of this instruction. *Indianapolis St. R. Co.* v. *Hockett, supra; Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80; *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614; *Kentucky, etc., Bridge Co.* v. *Quinkert* (1891), 2 Ind. App. 244; 5 Am. and Eng. Ency. Law (2d ed.), 558.

Instruction thirteen, given at the request of the appellant, expressly advised the jury that railway and traction companies are not insurers of the safety of their passengers; and the instruction complained of, as well as many others, admonished them that appellee could not recover unless she was without fault or negligence contributing to her injury. It is conceded that, as a carrier, appellant is required to exercise the highest degree of care to secure the safety of its passengers, and is responsible for the slightest neglect when such negligence results in injury. In view of this strict requirement, and of other instructions given and of the conceded facts, we are clear that the objectionable part of this instruction could not have misled the jury or harmed appellant.

It is further contended that instruction four, given at the request of appellee, was erroneous, which instruction reads as follows: "The fact that the plaintiff undertook to alight from the car at a time when the car was still in motion does not necessarily make her guilty of contributory negligence. As to whether she could alight in safety from the car at the time she undertook to do so, is a question of fact for you, gentlemen, to determine from all the facts and circumstances in the case. If you find from the evidence that, at the time she undertook to alight from the car, she could have done so with safety, by the exercise of due diligence and care, then she would not be

guilty of contributory negligence, even though you find that the car had not come to a full stop."

We have already shown that the court could not declare as a matter of law upon the conceded facts of this case that appellee was guilty of contributory negligence. What was said in the consideration of the first proposition argued, and the authorities there cited, uphold the correctness of this instruction, and it is accordingly our conclusion that no error was committed in giving the same to the jury.

No reversible error appearing in the record, the judgment is affirmed.