## Mathilde Kordick, Administratrix, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 18,981.

1. APPEAL AND ERROR, § 1595*—*sufficiency of declaration after verdict.* Where the sufficiency of a declaration was not tested on demurrer, every reasonable intendment will be indulged in favor of its sufficiency after verdict.

2. CARRIERS, § 452*—*when counts in declaration sufficient after verdict.* In an action against a street railway company for damages resulting from the death of a passenger by falling off a crowded car, certain counts in the declaration averring that deceased was standing on the platform in the exercise of due care for his own safety, *held* not defective after verdict for the reason that they did not allege that he was in exercise of due care for his own safety in boarding the crowded car.

3. APPEAL AND ERROR, § 283*—*when proof of facts defectively alleged is presumed.* Where essential facts defectively stated or omitted in the declaration were within the issues joined on the trial, it will be presumed that proof of such facts were adduced, and that in the absence of such proof the court would not have directed or the jury would not have returned a verdict.

4. CARRIERS, § 428*—*right of passenger to stand on platform.* It is not negligence as a matter of law for a passenger to stand upon the platform of a street car.

5. CARRIERS, § 480*—*questions for jury.* Whether or not a street car was so overcrowded as to endanger the safety of passengers and whether it was negligence to permit the car to become so overcrowded are questions of fact for the jury.

6. CARRIERS, § 290*—*duty to prevent overcrowded cars.* The mere fact that the street cars in use by the company are of the most modern construction and are being operated a minute and a half apart does not operate to relieve the company from the duty of exercising the degree of care required of it in preventing cars to be overcrowded.

7. CARRIERS, § 347*—*when overcrowding of car or acceleration of speed is proximate cause of passenger falling from car.* Where a street railway company was negligent in permitting a car to be overcrowded, or in accelerating its speed so as to cause the car to lurch forward, and its negligence in either or both respects combined or concurred with the conduct of passengers on the platform in pushing in their effort to enable other passengers to alight so as to cause a passenger on the platform to fall off and be killed, such negligence of the company may properly be held to be the proximate cause of such passenger's death.

*See **Illinois Notes Digest, Vols XI to XV,** and **Cumulative Quarterly,** same topic and section number.

Kordick v. Chicago Railways Co., 187 Ill. App. 74.

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed May 20, 1914. *Certiorari* denied by Supreme Court (making opinion final.)

WEYMOUTH KIRKLAND and WILLIAM H. SYMMES, for appellant; JOHN R. GUILLIAMS and FRANK L. KRIETE, of counsel.

EDMUND S. CUMMINGS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee as administratrix of the estate of Mathias Kordick, deceased, against appellant to recover damages for wrongfully causing the death of her intestate. A trial by jury in the Superior Court resulted in a verdict and judgment against appellant for five thousand dollars.

The declaration contains three counts, each of which charges in somewhat varying phraseology that on December 22, 1909, decedent became a passenger upon one of appellant's cars; that it then and there became the duty of appellant to use due care in the management and operation of said car so as not to permit the same to be overcrowded and thereby become dangerous to the decedent as such passenger; that appellant negligently permitted said car to be overcrowded in that all the seats and standing room inside of said car and the front and rear platforms of said car were overcrowded with passengers, whereby the decedent was forced to stand upon the rear platform of said car, which position was attended with danger to decedent; that whilst the decedent was standing upon said platform he was using due care and diligence for his own safety.

The first count charges that as said car approached Jefferson street, a certain passenger in attempting to leave said car pushed or forced other passengers against the decedent, whereby he was pushed from and off said car and fell upon the ground, etc. The second count charges that it was the duty of appellant

to use the highest degree of care consistent with the mode of conveyance and the practical operation of the car to operate said car at such a rate of speed as would enable it to transport the decedent in safety, while he was standing upon the said platform in its then overcrowded condition; that appellant negligently operated said car at such a rapid rate of speed that by reason thereof the fellow-passengers of the decedent also standing upon said platform were forced against the decedent and he was thereby pushed from and off said car, etc. The third count charges that appellant so negligently operated said car that the swaying motion and jolting of said car threw the decedent from and off said car, etc.

It is first argued that the declaration does not state a cause of action and, therefore, the court erred in refusing to direct a verdict for appellant.

As to the first count of the declaration, it is said that if the car was only approaching Jefferson street and was still in motion it is clear there was no occasion for any pushing and it is not alleged that appellant was negligent in not preventing the pushing. The declaration is not a model in the respect indicated, but its sufficiency was not tested by demurrer, and after verdict every reasonable intendment will be indulged in favor of its sufficiency. When the averments in the first count are so considered, it must be held that the averment charging appellant with negligence in permitting the car to become overcrowded sustains a causal relation to the further averment that the decedent was pushed from and off of the car by another passenger who was then and there attempting to leave said car. There is no force in the suggestion that the averment in the first count that the car was approaching Jefferson street and was in motion when a passenger in attempting to leave said car pushed other passengers against the decedent negatives any inference that there was then any occasion for such passenger to attempt to leave said car. We are led to infer that if the declaration had averred that the car had

arrived at Jefferson street and had there come to a stop, appellant might concede that occasion would exist for a passenger to then and there attempt to leave the car in the manner stated. It is a matter of common knowledge that passengers intending to alight from a car at a certain street intersection ordinarily make some effort to approach the exit before the car actually arrives and stops at such street intersection, and that such effort on the part of a passenger intending to alight from the car is ordinarily timed with reference to the condition of the car as to being crowded or otherwise. Appellant might not unreasonably be held to anticipate that passengers riding upon a crowded car and desiring to alight at a certain street intersection would make the necessary effort to reach the exit by pushing their way through the crowd while the car was approaching such street intersection and before it had come to a stop. The conduct of a passenger, seated or standing in a crowded car, in failing to make any effort to reach the exit preparatory to alighting from the car until the car had arrived and stopped at the desired street intersection would be regarded as anomalous.

It is said also that the averment in each of the three counts, that whilst the deceased was standing upon said platform and using all due car and diligence for his own safety, is not sufficiently broad to include and cover the act of the decedent in boarding the crowded car, especially in view of the further averment that the position of the decedent upon the rear platform of the car was dangerous. While the sufficiency of the declaration in this respect might have been successfully challenged by demurrer, the defect was cured by verdict and was not available to appellant upon motion in arrest of judgment. Whether or not the decedent was in the exercise of due care for his own safety in boarding the crowded car and in standing upon the platform was within the issues joined on the trial, and it will be presumed that proof

of the requisite facts defectively stated or omitted was adduced and that in the absence of such proof the court would not have directed or the jury would not have returned the verdict. *Humason v. Michigan Cent. R. Co.*, 259 Ill. 462. The question here is unlike the one presented in *Krieger v. Aurora, E. & C. R. Co.*, 242 Ill. 544, where a declaration improperly limited the exercise of care on the part of the plaintiff to the time when he was on the track, and the court considered the propriety of a peremptory instruction to find for the plaintiff if the jury should find from the evidence that he had proved his case as laid in his declaration. In the *Krieger* case, *supra*, the instruction under consideration necessarily involved the sufficiency of the declaration before verdict. It is not negligence as a matter of law for a passenger to stand upon the platform of a street car. *North Chicago St. R. Co. v. Polkey*, 203 Ill. 225.

It is insisted that the trial court should have directed a verdict in favor of appellant because the evidence fails to establish that appellant was negligent, and that decedent exercised ordinary care for his own safety.

The street car upon which decedent was a passenger was operated on the Madison street line, and was of the pay-as-you-enter type. The evidence tends to show that decedent, a large man weighing about two hundred and fifty pounds, boarded the car about 8 o'clock P. M. at the intersection of LaSalle and Madison streets, where it stopped for the purpose of receiving and discharging passengers; that all the seats in the car were then occupied by passengers and that passengers were standing in the aisle and upon the rear platform; that decedent took a position on the rear platform near the step and next to the iron rail which separates the portion of the platform occupied by the conductor and the exit door from the portion of the platform ordinarily used in entering the car; that at least two other passengers boarded the car at the corner of Randolph and

Clinton streets, and stood upon the platform; that fifteen or eighteen passengers were then standing closely crowded upon the platform; that no other passengers were received or discharged prior to the time decedent fell from the car; that after the car turned west on Madison street and as it was approaching the intersection of Jefferson street its speed was very perceptibly increased; that such increased forward movement of the car caused it to lurch and that one or more of the passengers standing upon the platform were thereby involuntarily forced backward or towards the rear of the car; that coincident with the increased forward movement of the car one or more passengers within the body of the car attempted, by pushing their way through the crowd, to reach the rear platform by means of the regular entrance doorway on the blind side of the car; that one of said passengers while so coming out upon the platform said to the conductor, "Jefferson," and the conductor in a tone of inquiry repeated, "Jefferson?" whereupon the passenger replied, "No, Desplaines;" that at the same time the decedent by reason either of the pressure against him of the other passengers upon the platform in an effort to open a passageway for the passengers desiring to alight at Desplaines street, or of his own efforts to make room for such other passengers to so alight, coupled with the increased forward movement of the car, lost his balance and his footing upon the platform and his hold upon the iron post or rail and fell to the ground sustaining injuries which resulted in his death.

It is necessarily conceded by appellant that as a common carrier of passengers the obligation rested upon it to do all that human care, vigilance and foresight could reasonably do, consistent with the mode of conveyance adopted by it and the practical operation of its road to convey the decedent in safety to his destination. *Alton Light & Traction Co. v. Oller,* 217 Ill. 15; *Tri-City Ry. Co. v. Gould,* 217 Ill. 317.

Whether or not the car in question was so overcrowded as to endanger the safety of the passengers and whether or not appellant was negligent in permitting the car to become so overcrowded were questions of fact properly submitted to the jury, and the mere fact that the cars in use by appellant were of the most modern construction and were being operated a minute and a half apart on the line in question did not operate to relieve appellant from the duty of exercising the degree of care required of it in the respect mentioned.

We are unable to give our assent to the doctrine contended for by appellant upon the authority of *McCumber v. Boston El. Ry. Co.*, 207 Mass. 559, that as a matter of law it is not negligence on the part of a carrier in the present state of transportation to permit passengers to come upon cars which are already crowded. Ordinarily this question is one of fact for the jury. Certainly, where the carrier permits passengers to enter and occupy a car which is crowded beyond its reasonable capacity, it assumes the duty of exercising for the protection and safety of the passengers that degree of care that is demanded by the circumstances. *North Chicago St. R. Co. v. Polkey*, 203 Ill. 225; *Alton Light & Traction Co. v. Oller*, *supra*.

A holding by us either as a ... er of law or of fact upon the evidence adduced t... ecedent was guilty of contributory negligence in ... ing the car and in occupying the only available ... upon the platform would be clearly unwarrante... he question was properly submitted to the jury.

The evidence tends to show ... he jury were not unwarranted in finding that de... fell from the car in consequence of the unfortu... immediate concurrence of three distinct incide... or situations, viz., (1) the overcrowded condition... the car; (2) the pushing or pressure by passeng... upon the platform

in their effort to permit other passengers to alight from the car; and (3) the act of appellant in so accelerating the speed of the car that it suddenly lurched forward. If, therefore, appellant was negligent in permitting said car to become overcrowded, or in so accelerating its speed, and its negligence in either or both of said particulars combined or concurred with the conduct of other passengers in the respect mentioned, to cause the death of decedent, such negligence of appellant may properly be held to be the approximate cause of decedent's death. *Flanagan v. Wells Bros. Co.*, 237 Ill. 82; *Ford v. Hine Bros. Co.*, 237 Ill. 463; *Seith v. Commonwealth Electric Co.*, 241 Ill. 253; *Tebow v. Wiggins Ferry Co.*, 241 Ill. 582.

While the evidence bearing upon the issues of fact involved is close and conflicting, we are not pursuaded that it fails to establish the liability of appellant as charged, and the judgment is, therefore, affirmed.

*Judgment affirmed.*