## THE THOMAS PRESSED BRICK COMPANY

*v.*

## JOHN A. HERTER.

*Filed at Springfield June 11, 1896.*

APPEALS AND ERRORS—*questions which the Supreme Court cannot review.* On appeal to the Supreme Court from a judgment of the Appellate Court affirming a judgment awarding damages for a trespass, the questions whether defendant below was guilty of trespass, whether the Statute of Limitations had run, and whether the damages allowed are excessive, are all questions of fact, which the Supreme Court cannot review.

*Thomas Pressed Brick Co. v. Herter,* 60 Ill. App. 58, affirmed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Calhoun county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

The defendant in error (plaintiff below) brought suit against the Thomas Pressed Brick Company, in the circuit court of Calhoun county, in an action of trespass, and a trial before a jury resulted in a verdict of guilty, assessing plaintiff's damages at $2455. Plaintiff having remitted $955 of this amount, the circuit court rendered judgment against the defendant company on this verdict for $1500, from which judgment the company appealed to the Appellate Court for the Third District, by whom this judgment was afterward in all respects affirmed, and to review that decision of the Appellate Court the defendant company now prosecutes this writ of error.

No ruling or decision of the trial court, except in overruling the motion for a new trial and rendering judgment on the verdict, is cited or relied on by plaintiff in error to secure a reversal of this judgment, the only contentions in this court being: First, that the company was not guilty; second, that the trespasses were not committed within five years prior to the institution of this suit; and third, that the damages are excessive.

JAMES F. GREATHOUSE, for plaintiff in error.

T. J. SELBY, and FRANK A. WHITESIDE, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

By section 89 of the Practice act this court can re-examine cases brought to it by appeal or writ of error as to questions of law only, and no assignment of error seeking to call in question the determination of the trial or Appellate Court upon controverted questions of fact can be considered, except in cases enumerated in section 88. Whether the defendant was guilty as alleged in the declaration, whether the trespasses were committed more than five years before the institution of suit, and whether the damages were excessive, are all questions of fact. *Fitch* v. *Johnson,* 104 Ill. 111; *Kreigh* v. *Sherman,* 105 id. 49; *Capen* v. *DeSteiger Glass Co.* id. 185; *Steinman* v. *Steinman,* id. 348; *Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 id. 216; *Richards* v. *People,* 100 id. 390; *Chicago and Grand Trunk Railway Co.* v. *Gaeinowski,* 155 id. 189; *Board of Education* v. *Bolton,* 104 id. 220; *North Chicago Street Railroad Co.* v. *Eldridge,* 151 id. 542; *Bradley* v. *Sattler,* 156 id. 603; *Legnard* v. *Rhoades,* id. 431; *Stumer* v. *Pitchman,* 124 id. 250.

No question is presented on this record which we can consider. The judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*