Max Melch, Appellee, *vs.* Robert L. Pottinger, Appellant.

*Opinion filed December 15, 1908.*

Appeals and errors—*judgment of Appellate Court settles controverted questions of fact.* In suits at law, where the facts are controverted, the judgment of the Appellate Court is conclusive upon the Supreme Court of all questions of fact, and if there are no errors of law the judgment must be affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. John W. Houston, Judge, presiding.

STEDMAN & SOELKE, for appellant.

LESLIE H. WHIPP, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the municipal court of the city of Chicago in an action of assumpsit on a promissory note for the sum of $2340.

It appears that in September, 1901, appellee told appellant he would like to make a loan of $600; that appellant said he could make it, and thereafter received the $600 and turned over to appellee three notes executed by Myron A. Singleton, for $200 each, secured by trust deed on real estate in Louisville, Ky. Afterwards appellee notified appellant he desired to loan an additional $1400, and it was arranged between the parties that appellee should turn over to the appellant the three Singleton notes and $1400 cash, which he did, and thereupon appellant turned over to him a note for $2000 executed by James V. Bishop and secured by mortgage on real estate in Morgan Park. Appellee claims he had no knowledge of Bishop nor of the property mortgaged to secure the note and relied entirely upon appellant's representations as to the value of the security. Bishop never paid any interest on the note. Appellant paid one installment, and default being made in the subsequent installments, appellee investigated the character of the security and found that it was inadequate. He so reported to appellant, who appears to have conceded that this was true. Thereupon appellant delivered to appellee a $1200 note executed by Bishop and secured by a mortgage on vacant Morgan Park property and the three $200 Singelton notes and his own note for $270 for the $2000 Bishop note. The day following this transaction he executed and delivered to appellee the note sued on. Appellant afterwards paid his $270

note. No further payments having been made on the Bishop or Singleton notes, the appellee brought this suit to recover on the $1800 note of appellant. The note reads as follows:

"CHICAGO, ILL., *Sept. 5, 1901.*

"Five years after date I promise to pay to the order of Max Melch $1800 and 00-100, payable at Chicago, Illinois, value received, with interest at six per cent per annum, but subject to terms on back hereof, however.

"Due September 5, 1906.        ROBERT L. POTTINGER."

And on the back of it is endorsed the following: "This note is given as collateral and as additional for a certain $1200 note signed by one James V. Bishop and dated September 5, 1901, with interest at six per cent, payable semi-annually; also as additional security for three certain $200 notes, aggregating $600, and signed by one Myron A. Singleton, and dated November 5, 1900, with interest at six per cent, payable semi-annually. Said Max Melch in accepting this note agrees to apply all payments of principal and interest that may be made from time to time by said Bishop and Singleton upon this note only, and render said Bishop and Singleton note to Robert L. Pottinger when they are fully paid, together with this one."

Appellant contends that he never became indebted to appellee by reason of any of the loans; that in the first place he sold the $600 Singleton notes to appellee, and that he afterwards sold him the $2000 Bishop note for the $600 of Singleton notes and $1400 in cash; that the $1200 Bishop note, the $600 in Singleton notes, and his own note for $270, were given in lieu of the $2000 Bishop note, and that the note sued on was given as "an additional collateral" security. Something like four years after these notes were given appellant caused to be executed, recorded and sent to appellee quit-claim deeds from Singleton and Bishop for the Morgan Park and Louisville properties.

Appellee's position is that appellant was always primarily liable to him for the loans, and that the notes of Bishop and Singleton given him were as security; and further,

that he had no knowledge of the execution of the Bishop and Singleton quit-claim deeds until he received them, after having been recorded, through the mails, and that he refused to accept them as payment of the money due him. The appellant's principal contentions are, that Melch did receive the quit-claim deeds in payment of the Singleton and Bishop notes, thereby discharging the liability of appellant; that the $1800 note, upon which this suit was brought, was given by appellant as collateral "and additional security" for the payment of the Bishop and Singleton notes, and that it did not represent any indebtedness of appellant to appellee. These were controverted questions of fact, and the questions of law discussed by counsel depend upon the facts being found as contended for by appellant. If the facts are contrary to appellant's contention and in harmony with appellee's position, then the judgment was supported by the evidence. Where the facts are controverted, the judgment of the Appellate Court is conclusive upon this court on all questions of fact. *Thomas Pressed Brick Co.* v. *Herter,* 162 Ill. 46; *Sconce* v. *Henderson,* 102 id. 376; *Hight* v. *Walker,* 179 id. 209; *Henry* v. *Stewart,* 185 id. 448; *Lusk* v. *Throop,* 189 id. 127.

Outside of the alleged error of the Appellate Court in finding the facts contrary to the evidence, to which appellant's brief and argument are almost entirely devoted, some complaint is made of certain portions of the instructions given by the municipal court. It is alleged that the municipal court erred in that respect, but it is not pointed out in what the error consists. We have, however, examined the instructions complained of and find no error was committed in giving instructions.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*