KRISTINE PETERSEN, Admx., Defendant in Error, *vs.* THE ELGIN, AURORA AND SOUTHERN TRACTION COMPANY, Plaintiff in Error.

*Opinion filed February 19, 1909.*

1. CARRIERS—*it is not negligence per se to ride on step of street car.*   Whether a person is guilty of contributory negligence in riding upon the step of a street car is a question of fact, to be determined by the jury under all the circumstances surrounding the case.

2. SAME—*when question whether person should have gone inside of the car is one of fact.*   Whether a person was guilty of negligence in not going inside of a street car where there was unoccupied space is a question of fact for the jury, where the evidence shows there were about eighteen persons in the vestibule and on the steps, who obstructed passage into the car.

3. SAME—*pre-payment of fare is not essential to create relation of carrier and passenger.*   Where a person boards a street car at a usual stopping place, for the purpose of being carried to his destination, the relation of carrier and passenger is established by his acceptance of the company's implied invitation to become a passenger, and the company cannot deny its relation as carrier upon the mere ground that the person was injured before the conductor had collected his fare.

4. INSTRUCTIONS—*when assumption of fact is not ground for reversal.*   That an instruction assumes that the deceased was a passenger upon defendant's street car is not ground for reversal, where that fact was conclusively established by the evidence, without contradiction.   (*Chicago, Burlington and Quincy Railroad Co. v. Mehlsack,* 131 Ill. 61, distinguished.)

5. SAME—*when instruction as to relation of carrier and passenger is not erroneous.* An instruction stating that if a carrier "permits" a person to get upon a car without requiring payment of fare in advance, the obligation to pay will stand for the actual payment for the purpose of giving effect to the contract to carry, is not rendered erroneous by using the word "permits," although in the particular case there is no evidence that any servant of the carrier knew that the person injured was on the car, there being many others who boarded it at the same time.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding.

HOPKINS, PEFFERS & HOPKINS, for plaintiff in error.

HENRY N. MILLER, and LEE MIGHELL, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Kristine Petersen, administratrix of the estate of Peter Petersen, recovered a judgment for $10,000 against the Elgin, Aurora and Southern Traction Company for wrongfully and negligently causing the death of the plaintiff's intestate. The judgment of the circuit court of Cook county having been affirmed by the Appellate Court for the First District, the defendant has sued out a writ of error from this court to bring the judgment of the Appellate Court into review in this court.

The case was submitted to the jury on the first, third, fourth and sixth counts of the declaration, the other counts having been by direction of the court excluded from the consideration of the jury. The first and third counts charged that Peter Petersen became a passenger on one of the cars of the traction company on Broadway street, in the city of Aurora, and that he was received by the defendant company as such passenger; that said company failed and neglected

to furnish the plaintiff's intestate a reasonably safe place to ride, but instead thereof deceased was allowed by the company to ride in an unsafe and dangerous place, which dangers were known to the company and unknown to deceased, by means whereof plaintiff's intestate was caught, crushed and killed by another car passing in the opposite direction. The fourth and sixth counts charged that the deceased was a passenger and that he was killed by reason of the defendant permitting the car upon which the deceased was riding to pass in close proximity to another car going in an opposite direction at a high rate of speed, whereby the deceased was rolled and crushed between the cars and killed.

The evidence shows that the accident occurred between nine and ten o'clock on the morning of September 7, 1903. On the day of the accident the deceased and a friend of his by the name of Nelson left Chicago to go to St. Charles to visit a mutual friend. The parties took the electric line to Aurora and at the latter place they expected to take the electric line from Aurora to St. Charles. The regular schedule for the electric cars from Aurora to St. Charles was one car every hour, but on the day in question, owing to the heavy travel occasioned by Labor Day celebrations on different parts of the line of road, the company was running its cars one every half hour. Instead of running one car out, four or more cars were run on the same schedule in order to accommodate the large number of people who desired to travel on that day. The plaintiff in error operated a double track in the city of Aurora, one of which was used by outgoing and the other by incoming cars. The deceased and Nelson waited a short time in Aurora to get a car to St. Charles. They were at a cigar stand on the opposite side of the street from the outgoing track. The car which deceased and Nelson desired to take pulled up, and stopped to receive passengers almost opposite the cigar stand. There were also three or four other detached cars in the rear that stopped and were being rapidly loaded by passengers. The

evidence shows that all the cars were loaded to their capacity during this forenoon. The car had four entrances,—two at either end. The deceased and Nelson approached the car for the purpose of getting aboard, crossing over the incoming track to reach the steps of the car. The car was well filled with people when the deceased and Nelson arrived at the steps. Several persons, among them some ladies, were attempting to get aboard the car at the same point where the deceased and Nelson were. The evidence shows that these parties stood aside to give the ladies an opportunity to get aboard the car. After they were all in, the only room left was the lower step. The deceased and Nelson got upon the lower step and supported themselves by the hand-rails. At the point where the parties got aboard the car the distance between the inner rails of the two tracks, as testified to by Mr. Tarble, city engineer of Aurora, was five feet, but west of Fox river, and at the place where the accident occurred, the space between the tracks was six to eight inches less. After the car upon which the deceased was riding had proceeded west a short distance, and at a place where the convergence of the tracks had reduced the space between them, an incoming car of plaintiff in error's line caught Petersen and rolled and crushed him between the two cars, inflicting injuries from which he died soon after the accident. The engineer testifies that the bodies of the two cars would pass within nine inches of each other at the point where the accident occurred. The deceased had not paid his fare nor had the conductor called on him for such payment at the time he was killed.

The errors relied on by plaintiff in error for a reversal of the judgment below are (1) the refusal of the court to direct a verdict; (2) error in the admission of evidence; and (3) the giving of certain instructions at the request of defendant in error.

Plaintiff in error contends in support of this first assignment of error that the deceased was guilty of contributory

negligence in attempting to ride on the steps of the car. This was a proper question of fact to be submitted to the jury. This court has frequently had occasion to consider the question whether it is negligence, as a matter of law, to ride upon the steps or running-board of a street car, and the rule laid down in the cases is, that the question of contributory negligence should be submitted to the jury, to be determined under all the circumstances surrounding the case. In *Chicago and Alton Railroad Co.* v. *Fisher,* 141 Ill. 614, this court, on page 627, said: "We know from common sense and ordinary observation and experience that under some circumstances it is culpable negligence to stand or sit on the platform or steps of a moving car and that under other circumstances it is not, and unless the case be one where the implication of negligence necessarily arises, it follows that what in a given set of circumstances would be negligence and what would be an exercise of ordinary care are conclusions of fact to be deduced from the circumstances of the particular case. It would seem that a jury of twelve men of ordinary judgment and experience is peculiarly well qualified to determine whether, under a state of circumstances detailed before them by witnesses, a particular line of conduct was ordinary care,—in other words, such care as an ordinarily prudent and cautious man would exercise under like circumstances." Other later cases are to the same effect. (*North Chicago Street Railroad Co.* v. *Polkey,* 203 Ill. 225; *Alton Light and Traction Co.* v. *Oller,* 217 id. 15; *Chicago Consolidated Traction Co.* v. *Schritter,* 222 id. 364.) In the case last above cited, on page 366, it is said: "It was first contended by appellant that the verdict was not supported by the evidence. This contention is based chiefly on the fact that appellee was riding on the steps of the car at the time he was injured. It is not, and could not reasonably be, claimed that this constitutes negligence under all circumstances or as a matter of law. Whether such conduct

constitutes negligence or not is a question of fact for determination by the jury."

It is said by plaintiff in error that there was unoccupied space in the center of the car, and that the deceased was guilty of contributory negligence in not making his way to such place of safety. The evidence shows that at the time of the accident there were some eighteen persons on the platform and steps at the end of the car where the deceased was riding. It was so compactly filled with people that the deceased could not reasonably be expected to push his way through to obtain a place to stand in the car. This was a question properly to be submitted to the jury, and this being true, the judgment of the Appellate Court affirming the judgment below is conclusive upon this court on this question. *Thomas Pressed Brick Co.* v. *Herter,* 162 Ill. 46; *Lusk* v. *Throop,* 189 id. 127.

Plaintiff in error insists, also, as a further reason why this motion for a directed verdict should have been sustained, that the evidence does not sustain the averments in the declaration that the deceased was a passenger. In support of this contention plaintiff in error points out the fact that the deceased had paid no fare and had no ticket entitling him to be carried upon this car. The evidence shows that the deceased got upon the car in question in good faith for the purpose of being carried to St. Charles, a distance of some twelve miles, and the mere fact that he had not paid his fare did not prevent the relation of carrier and passenger arising out of the implied invitation of the company to the deceased to get on the car and his acceptance of such invitation by getting aboard of the car. It is a matter of public knowledge that passengers getting aboard electric cars usually wait until the conductor calls on them to pay their fare. This practice appears to have been followed by the plaintiff in error on the day of the accident. The only reason why the deceased had not paid his fare was, that the car had not yet reached the point where the conductor com-

menced to take up fares on his outgoing trip. There is nothing in this contention. The stopping of the car at a place where passengers were customarily received and opening the door to admit them into the car must be held an invitation to all persons who may desire to travel on such car to get upon it, and when a person in good faith gets aboard a car under such circumstances for the purpose of being carried thereon the relation of carrier and passenger is established, and the duties which the law imposes upon the carrier to its passengers attach before as well as after the payment of fare. (*North Chicago Street Railroad Co.* v. *Williams,* 140 Ill. 275.) The undisputed facts show that the deceased was a passenger upon the plaintiff in error's car. There was no error in refusing to withdraw this case from the consideration of the jury.

It is next insisted by the plaintiff in error that the court erred in admitting proof, by parol, of the rule of plaintiff in error requiring the inside vestibule doors to be closed when the cars were on the double tracks in the city. The witness Greene was asked, while upon the stand, in regard to this rule. Upon objection being made to proving the rules of the company in that way, counsel for plaintiff in error agreed that he would produce the written or printed rules of the company on the following morning. He did so produce them, and it was found that the rule in question was not among the printed rules. Afterwards, the conductor of the car on which the deceased was riding at the time of his injury was asked in reference to the existence of such rule, and he testified that there was such a rule, and that he obeyed the rule on all occasions and closed the inside vestibule doors. There was no objection to the conductor's testimony. There was no error committed in this regard for the reasons (1) that it does not appear that the rule referred to was either printed or written, and (2) if it was, there was no objection to the offer to prove it by parol.

Plaintiff in error next contends that the court erred in giving the following instruction to the jury:

"The court instructs the jury that if they believe, from the evidence, that Peter Petersen, while in the exercise of ordinary and reasonable care for his own safety, was injured by and in consequence of the negligence of the defendant as charged in the first, third, fourth or sixth counts of the declaration, then the jury should find the defendant guilty."

The objection pointed out to this instruction is, that it .ignores the question whether or not the deceased was a passenger of the defendant company. As we have already pointed out in discussing the motion to direct a verdict, the uncontroverted evidence in this case shows that the deceased was a passenger. It is not ground for a reversal that an instruction assumes as proven a fact conclusively established by the evidence without contradiction. *Chicago City Railway Co.* v. *Allen,* 169 Ill. 287; *Illinois Central Railroad Co.* v. *King,* 179 id. 91; *Citizens' Ins. Co.* v. *Stoddard,* 197 id. 330; *Compher* v. *Browning,* 219 id. 429; *Chicago Title and Trust Co.* v. *Core,* 223 id. 58; *Shults* v. *Shults,* 229 id. 420.

The case of *Chicago, Burlington and Quincy Railroad Co.* v. *Mehlsack,* 131 Ill. 61, upon which plaintiff in error relies, is clearly distinguishable from the case at bar, because in that case the proof tended to show that the person receiving the injury was trying to steal a ride upon a train of steam cars, and the question whether he was a passenger was a controverted issue of facts. That case was commented upon and distinguished by this court in *North Chicago Street Railroad Co.* v. *Williams, supra,* from cases like the one at bar, in which there is no question as to the relation of the parties. On page 287 this court said: "But we are not prepared to hold that a party is a trespasser after he gets on a horse car, even though no fare has been collected of him before he meets with an injury, simply be-

cause he has violated a rule of the company as to the mode of his getting on. The case of *Chicago, Burlington and Quincy Railroad Co.* v. *Mehlsack,* 131 Ill. 61, has no application here, because in that case the proof tended to show that the person receiving the injury was trying to steal a ride upon a train of steam cars."

It is next insisted by the plaintiff in error that the court erred in giving the following instruction:

"The court instructs the jury that to establish the relation of carrier and passenger the payment of fare is not always necessary; that if the carrier permits the passenger to get upon the car without requiring payment in advance, the obligation of the passenger to pay will stand for the actual payment, for the purpose of giving effect to the contract to carry, with all its obligations and duties. Taking his place upon the car with the intention of being carried creates an implied agreement upon the part of the passenger to pay when called upon to do so by the carrier."

The objection pointed out to this instruction is, that it assumes that plaintiff in error "permitted" Petersen to get upon the car, when, in fact, there is no evidence showing that any servant of the company knew that he was on the car. We do not think this objection tenable. The rule of law announced in this instruction is undoubtedly correct. It is almost identical with the language of this court quoted from Hutchinson on Carriers in *West Chicago Street Railroad Co.* v. *Manning,* 170 Ill. 417.

The plaintiff in error also criticises one other instruction which was given by the court for defendant in error. We have carefully examined the instruction and the objections thereto, and our conclusion is that there was no error in giving it to the jury.

There are no other reasons urged in plaintiff in error's brief for the reversal of this judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*