Wayne v. St. Louis & Northeastern Ry. Co., 165 Ill. App. 353.

nois.   The doctrine of assumed risk is eliminated by those statutes by provisions therein that are entirely inconsistent with the idea that it was retained.· If the statute in question gave the plaintiff in error a right of action in express terms, he would be entitled to recover, for to deny him such right under such a provision on the doctrine of assumed risk, would be to defeat that express provision of the statute, for he would be bound to know in every such case that the cogs were not guarded, but were open and visible to any one as exposed dangers.   However, such provision is not in the statute and we cannot read it there.   Our ruling violates no intention of the legislature therein expressed or necessarily implied, and it does not invalidate any part of the statute expressed or necessarily implied.   We think the law is against the contentions of plaintiff in error.

The judgment of the court is therefore affirmed.

*Affirmed.*

---

### William F. Wayne, Appellee, v. St. Louis & Northeastern Railway Company, Appellant.

1.  PASSENGER AND CARRIER—*when declaration states cause of action*.  A declaration states a cause of action where it in apt language charges that the plaintiff was a passenger for hire, that he was in the exercise of reasonable care for his own safety while attempting to alight from the car on which he was riding and that while he was attempting to alight therefrom he was injured by the negligence of the defendant in suddenly starting such car.

2.  PASSENGER AND CARRIER—*when negligence established.*   If it appear that the conductor in charge of the car upon which plaintiff was riding as a passenger did not afford to the plaintiff a sufficient opportunity to alight, negligence is established.

3.  PASSENGER AND CARRIER—*care required of latter.*   A carrier is required to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of its roads.

4.  PASSENGER AND CARRIER—*what raises presumption of negli-*

354     APPELLATE COURTS OF ILLINOIS.

Wayne v. St. Louis & Northeastern Ry. Co., 165 Ill. App. 353.

*gence.* An injury to a passenger during the course of his transportation upon a railroad, caused by apparatus furnished by and under the control of the company, raises a presumption of negligence, the burden of rebutting which rests upon such company.

5. PLEADING—*when defective declaration cured.* After verdict a declaration which defectively states a good cause of action is sufficient.

6. CONTRIBUTORY NEGLIGENCE—*person confronted with danger.* A person suddenly confronted with danger without his fault, is not required by law to do any particular thing; and although in cooler· moments he might have acted differently, that does not necessarily establish a charge of negligence on his part.

7. APPEALS AND ERRORS—*when propriety of argument not saved for review.* In order to save for review a ruling of the court upon remarks of counsel, such remarks, together with an exception to the ruling of the court thereon, must be preserved in the bill of exceptions.

8. INSTRUCTIONS—*when upon question of damages in prima facie case not erroneous.* While it is usual to prove the wages earned and opportunities to earn same when the party injured is working for wages, it has never been held that a farmer or merchant must show what money or profits he is making when working for himself in such trades in order that he may recover for loss of time or inability to work.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 11, 1911.

**Statement by the Court.** This is an appeal from a judgment rendered in the lower court for the sum of $2,250 in favor of William F. Wayne, appellee, and against the St. Louis & Northeastern Railway Company, appellant.

Appellant was an electric interurban railway company, operating through the city of Edwardsville over and along Hillsboro avenue. The waiting room of said company is on Hillsboro avenue near the center of said city, and going easterly towards the city limits the tracks of the appellant cross the tracks of the Litchfield & Madison Railroad about four and one-half blocks easterly of the waiting room. At a point about one hundred and twenty-five feet west of

this crossing a derail is so constructed that all cars of appellant must stop for the conductor to go forward to see that the track is clear and to pull a lever so that the derail will permit the car on signal of the conductor to pass safely over the crossing. There is no cross street at this crossing, the next public street crossing being at St. Andrew's avenue several hundred feet east of the railroad crossing. Plaintiff was engaged in the grocery business, and for two years had been accustomed to ride in the car of appellant in said city from near his place of business easterly to this railroad crossing; and to alight from the car there to go to his home, while the conductor was performing his duty of throwing the derail and arranging for the safe passage of the car over the crossing. On August 19, 1908, while thus alighting from the car, appellee's shoe heel was caught and held fast in a crack or split in one of the steps of the car of appellant so that he could not remove it and alight before the car was started over the crossing by the conductor's signal. He was thrown violently on the pavement there by reason of his shoe heel being thus held and by the starting of the car while thus held. He received a fracture of the neck of the femur just outside of the ball and socket joint of the hip, by reason of his fall; and by reason thereof had to lie on his back for eight or ten weeks while being treated, suffered great pain, and spent several weeks thereafter on crutches, and was so permanently disabled that he has not been able to pursue his business of groceryman since his injury.

The declaration contains one count and charges that "by and through the negligence of the defendant, the heel of the left shoe of plaintiff was caught, held and torn from his shoe by the defective condition of one of the steps of defendant's car, while plaintiff with due care was attempting to alight from said car at the Litchfield & Madison Railway crossing; and by means thereof and on account of the negligence of the

defendant plaintiff was thrown by the starting of the car while his heel was caught as aforesaid in the said defective step,'' etc.

TERRY & GUELTIG, for appellant; GEORGE W. BURTON, of counsel.

C. H. BURTON and W. J. LAWLER, for appellee.

PER CURIAM. Appellant's claim that the declaration does not state a cause of action cannot be sustained. No particular objections have been pointed out to the declaration. The declaration in apt language charges that appellee was a passenger for hire; that he was in the exercise of reasonable care for his safety while attempting to alight from the car; and that while he was attempting to alight therefrom he was injured by the negligence of the defendant as set forth in our statement. It is said by appellant that the declaration is merely a statement of a defective cause of action. The most that could be said against the declaration is that it is a defective statement of a good cause of action as to the negligence charged. After verdict we think the declaration is good and sufficiently definite as to the negligence charged.

It is also claimed that there was a variance in the negligence proved, from the negligence charged in the declaration. We are unable to understand appellant in this contention. It is clearly proved, without controversy, that the two things that caused the appellee's injury were the defects in the step of the car that held the shoe heel of appellee, and the starting of the car and dragging him while in this condition before he could extricate his foot and alight from the car. The declaration alleges that his foot was caught by the negligence of the defendant in having the defective step, and that he was injured by this negligence and by its negligence in starting the car while he was

thus held.  The evidence is slight bearing on the question of negligence of the defendant, so far as the charge is made with reference to the defective step. The conductor of the car gave about the only description of this defect.  He describes it as a small seasoned crack or split in the end of the board of the first or bottom step where the washer and bolt went through it, about the size of an ordinary knife blade, a crack or split that would hardly be noticed.  He testifies however, as does another witness, that a portion of appellee's shoe heel was found in this crack just after the injury.  This corroborates appellee's testimony that his left shoe heel was caught and held fast on the step while he was alighting, but shows that appellee must have been mistaken in his statement that his shoe heel was caught on the second or middle step of the car.  It is clear, however, that the defendant by its conductor was guilty of negligence in starting the car while appellee was thus on the steps trying to alight; and the jury were clearly warranted in finding from the evidence that the negligence of the defendant in thus starting the car was the proximate cause of the injury to appellee.  The conductor of this car testified: "When the car approached the L. & M. crossing I announced, 'L. & M. Station.'  I was on the rear part of the car.  Car doors were open; it was a bright, sunny day.  I got off and ran ahead.— In leaving the car to throw the derail I went about one hundred and twenty-five feet.—I pulled the lever, then signaled the motorman.  At the time I signaled I saw Mr. Wayne on the steps; he was standing on the bottom steps as well as I could see, one hand on the grab-iron.  I knew he was going to get off there; he unloaded along there some place every day.  He most always got off before the car stopped, and I seen him step off after the car started."

It was the duty of the conductor to give appellee an opportunity to safely alight before signaling the car to start.  The jury evidently found that the ap-

358    APPELLATE COURTS OF ILLINOIS.

Wayne v. St. Louis & Northeastern Ry. Co., 165 Ill. App. 353.

pellee was injured by reason of his negligence in this particular. The railroad company was required to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of the road. It is inconsistent with the foregoing rules of law to permit a conductor to start his car when he knows a passenger is alighting, upon the mere speculation that the passenger has alighted safely before when the car was in motion, and therefore can do so again.

It is also the law that an injury to a passenger during the course of his transportation upon a railroad, caused by apparatus furnished by and under the control of the company, raises a presumption of negligence, the burden of rebutting which rests upon such company. No rebutting testimony of any kind was offered to any of the foregoing evidence. N. Y. Chic. & St. L. R. R. Co. v. Blumenthal, 160 Ill. 40; Chicago C. Ry. Co. v. Smith, 226 Ill. 178; and Same v. Shreve, 226 Ill. 538.

We are also unable to agree with appellant's contention that appellee failed to prove that he was in the exercise of reasonable care for his safety at and before his injury. The crossing in question is clearly shown by all the evidence bearing on that subject to be a regular stopping place to let passengers on and off the car. The appellee had gotten on and off the car there for more than two years of regular daily travel. The conductor collected his fare for that station knowing that he would get off there. The conductor called out the station when the car was approaching the station evidently for passengers to alight there; and just across the track of the L. & M. at the derail on the west-bound track were persons waiting to take the next car on the west-bound track, two of whom were witnesses for appellant in this case.

It was a question for the jury under the evidence, whether or not appellee was guilty of negligence in getting off the car or in stepping down off the step of the car with his right foot, when he knew the car was

going to start and that his foot· was held fast.  He testified that he had plenty of time to have stepped on the ground while the car was stopped, if his foot had not been caught.  A person suddenly confronted with danger without his fault, is not required by law to do any particular thing; and, although in cooler moments he might have acted differently, that does not necessarily establish a charge of negligence on his part.  C. & A. R. R. Co. v. Corson, 198 Ill. 98.  Neither is it negligence *per se* for a passenger to ride on the street car steps, nor to get on or off a street car in motion.  Peterson v. Elgin, A. & S. Tr. Co., 238 Ill. 403; The North C. St. R. R. Co. v. Wiswell, 168 Ill. 613.

As to the question of improper remarks of appellee's counsel to the jury, raised by appellant, it does not properly arise on this record, as the ruling of the court thereon and the exceptions thereto, if made, are not preserved in the record.  Such objections and exceptions cannot be preserved simply by an affidavit of some bystander, but must be certified to by the trial judge.

The objection to appellee's instruction on the measure of damages is untenable.  Appellee proved loss of time and inability to work at his business.  He was not on a salary, and had not worked for a salary so far as the evidence showed.  He proved permanent disability and almost total inability to work.  His past profits on his business would not have been a proper element of damages, because in their nature speculative.  He was not required to prove in dollars and cents what his injuries were worth, or as to what he might have earned in the future, or as to what he would have made in his grocery store for the time he was laid up with his injuries.  It is usual to prove the wages earned and opportunities to earn same, when the party injured is working for wages; but so far as we know, it has never been ruled that a farmer or merchant must show what money or profits he is making when working for himself in such trades, in

order that he may recover for loss of time or inability to work. The damages awarded by the jury are very reasonable in this case, and are not excessive in our judgment.

Finding no reversible errors in this record, the judgment of the Circuit Court is affirmed.

*Affirmed.*