LOUIS P. TEBOW, Appellee, *vs.* THE WIGGINS FERRY COMPANY *et al.* Appellants.

*Opinion filed October 26, 1909.*

1. EVIDENCE—*if testimony is immaterial, alleged error in admitting it will not reverse.* In a personal injury case, if, as claimed by the defendant, the question of what kind of work the plaintiff had been doing for his employer previous to the time of the accident is immaterial, alleged error in permitting the plaintiff to state what such previous employment was cannot be prejudicial and is not ground for reversal.

2. SAME—*testimony cannot be complained of on appeal if abstract of record shows no objection thereto.* Alleged error in permitting the plaintiff in a personal injury case to show that he was instructed by his foreman to unload a car of cinders in a certain manner, without requiring him to show that the defendants had any notice of the manner it was being unloaded or of the foreman's instructions, cannot be availed of an appeal, where the abstract of record shows no objection to such testimony.

3. SAME—*what tends to show negligence in switching a partly unloaded car.* Evidence tending to show that the defendant company coupled a switch engine onto a partly unloaded car of cinders which it had placed for unloading two days before, and that after moving the car some distance suddenly stopped it on a sharp curve, the outside rail of which was much higher than the lower one, and that the car, which had been unloaded on one side, only, tipped over as the unloaded cinders settled to the lower side, tends to show negligence in handling the car.

4. NEGLIGENCE—*when question of defendant's notice of condition of car is one of fact.* Whether the defendant company was charged with notice that a car of cinders was unloaded on one side, only, is a question of fact and not of law, where the defendant had placed it for unloading and two days later coupled onto it in its partly unloaded condition and was engaged in switching the car when it tipped over.

5. SAME—*fact that someone else is also negligent is no defense.* Even though it may have been negligence for the plaintiff's employer to instruct the plaintiff to unload cinders from one side of a car, only, and that such condition of the car was partly the cause of its turning over when the defendant was switching it, yet if the defendant's negligence in the manner of handling the car also contributed to its tipping over, the alleged negligence of plaintiff's employer does not excuse the liability of the defendant.

6. INSTRUCTIONS—*when instruction is not misleading.* An instruction advising the jury that if the defendant was guilty of the negligence charged in the declaration and such negligence caused the plaintiff's injuries, then the fact, if it was a fact, that the plaintiff's employer was also guilty of negligence in ordering him to unload the car in a certain way was no defense, is not misleading, as giving the jury to understand that the manner in which the car was unloaded, even if it caused it to tip over, was no defense, particularly where another instruction required the jury to find defendant not guilty if they found that the sudden stopping of the car on a sharp curve was not the cause of its tipping over.

7. APPEALS AND ERRORS—*Appellate Court's judgment of affirmance settles fact of negligence.* If there is any evidence sufficient to go to the jury upon the question of the defendant's negligence, the fact of such negligence is settled by the judgment of the Appellate Court upholding the conclusions of the jury and trial court.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, for appellants:

There can be no recovery for injuries caused by the negligence of a defendant if the plaintiff's negligence contributed in any degree to the injury. *Railroad Co.* v. *El-*

*dridge,* 151 Ill. 549; *Railroad Co.* v. *Dewey,* 26 id. 255; 1 Shearman & Redfield on Negligence, sec. 93.

A person has no right to knowingly expose himself to the danger and then recover damages for injury which he might have avoided by the use of reasonable precaution. *Lovenguth* v. *Bloomington,* 71 Ill. 238; *Wilson* v. *Railroad Co.* 210 id. 603; *Railway Co.* v. *Cossar,* 203 id. 609.

The only duty owed by a railroad company to a trespasser or licensee is to refrain from wantonly or willfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril. *Railroad Co.* v. *Eicher,* 202 Ill. 556; *Thompson* v. *Railway Co.* 226 id. 542; *Casey* v. *Adams,* 234 id. 350.

To constitute actionable negligence these three elements must concur to make out a cause of action: (1) The existence of the duty on the part of the defendant to protect the plaintiff from the injury of which he complains; (2) a failure of the defendant to perform that duty; and (3) an injury to the plaintiff resulting from such failure. And the absence of any of these elements, either in the declaration or proof, renders the declaration insufficient to sustain a judgment for negligence, even after the verdict, or the proof to establish a cause of action involving actionable negligence. *McAndrews* v. *Railway Co.* 222 Ill. 232.

· H. E. Schaumleffel, and D. J. Sullivan, for appellee:

Whether or not the appellee was guilty of contributory negligence in remaining in the car was a question of fact for the jury. *Werk* v. *Steel Co.* 154 Ill. 432; *Railway Co.* v. *Johnson,* 135 id. 642.

Where one receives an actionable injury at the hands of two or more wrongdoers, all are severally liable to him for the full amount of damages occasioned by such injury; and the plaintiff has his election to sue all jointly, or he

may bring his separate action against each or any number of the wrongdoers. *Railway Co.* v. *Shacklet,* 105 Ill. 381.

Even if it should be held that the appellee's employer was also guilty of negligence in having appellee unload the car in the manner he did and that such negligence also contributed to his injury this would be no defense for appellants, provided they were guilty of the negligence charged in the declaration and that their negligence directly contributed to the injury. *Parmelee Co.* v. *Wheelock,* 224 Ill. 194.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On and before Monday, August 28, 1905, appellants operated switch yards in the city of East St. Louis. Near the switch yards and connected therewith was the plant of the Republic Iron and Steel Company, and the switching for that company was done by the appellants. One of the tracks of the Republic Iron and Steel Company was known as the "scale track" and another as the "Annie Rooney track." On Saturday, August 26, a coal car loaded with cinders was placed on the Annie Rooney track, where the Republic Iron and Steel Company was making a cinder platform. Some of the cinders were taken out and appellants moved the car from that place and set it back. The appellee, who was then sixteen years old, was working for the Republic Iron and Steel Company and had been working for it about six weeks, most of the time in picking up fish-plates or angle-irons. On Monday he and another boy and an old man were set to work unloading the car of cinders for the purpose of making the cinder platform. They were directed to shovel out the cinders from the side of the car next the platform, so that that side would be empty and the other side remain full. At about 10:45 in the morning all or nearly all of the cinders had been shoveled out of the side of the car next the cinder platform, leaving that side

practically empty and the other side full. Appellants were directed to move several cars which were back of the cinder car to the scale track, with which the Annie Rooney track was connected by a switch about two hundred yards long. The two boys were in the cinder car but the old man had left, and the switch engine backed several cars down against the car the boys were on and pushed it to the other cars and coupled to them. The couplings were made automatically, and the switch engine, with the cut of cars attached to it, started forward over the switch to the scale track. On the switch there was a sharp curve, and when the cinder car was at the most abrupt part of the curve, where the outside rail was much higher than the inside one and the loaded side of the car was on the inside, the engine stopped. The cinder car turned over on the inside of the curve and down the embankment and appellee was thrown out and received injuries, for which he brought suit, by his next friend, against the Republic Iron and Steel Company and the Wiggins Ferry Company. Afterward the suit was dismissed as to the Republic Iron and Steel Company, and the East St. Louis Connecting Railway Company; one of the appellants, was made a defendant.

There were several counts in the declaration repeating, substantially, the same charges that the defendants coupled to the cinder car without allowing plaintiff time to descend therefrom; that the car was negligently hauled around the sharp curve at a high rate of speed, and that the car was suddenly and violently stopped when it was on the sharp curve, causing it to turn over. The plea was the general issue, and on a trial the defendants moved the court to direct a verdict of not guilty. The court denied the motion and submitted the issues to the jury, which returned a verdict for $3000. The defendants severally moved for a new trial, but the motions were overruled and judgment was entered on the verdict. The Appellate Court for the Fourth District affirmed the judgment. A reversal is asked in this

court on the grounds that the trial court erred in rulings on the admission of evidence, in refusing to direct a verdict and in instructing the jury.

The plaintiff, while testifying, was asked what kind of work he had been doing at the plant before the accident, and the court overruled an objection to the question. He answered that he had been picking up angles. If counsel are correct in their position that it was immaterial what kind of work the plaintiff had been engaged in, the answer that he had been picking up angle-irons could not have been prejudicial to the defense and the ruling would not be ground for a reversal.

Complaint is also made that the plaintiff was allowed to show that he was instructed by his foreman to unload the car in the manner in which it was unloaded, without showing that the defendants had any notice of the fact or the instruction, but the abstract shows no objection to that testimony.

It is insisted that the court ought to have directed a verdict of not guilty for the reason that there was no evidence to sustain the charges made in the declaration. There was no evidence that the defendants wrongfully coupled to the cinder car without allowing plaintiff time to descend therefrom. Just before the cars pushed by the switch engine struck the car on which the plaintiff was, one or more of the switch crew called to the boys to look out. The plaintiff made no effort to descend from the car and manifested no desire or intention to do so. He knew the car was to be switched somewhere about the plant and brought back, and he rode on the car from choice. There was no evidence tending to prove that he would have descended from the car if time had been given for the purpose, and his testimony did not indicate such a desire. The rate of speed at which the car was moved was estimated by different witnesses from three to six miles an hour, the highest estimate of five or six miles an hour coming from the plaintiff's

companion, with whom it was evidently a mere guess. But if there had been a high rate of speed it could not have caused the accident, because the higher the rate of speed the greater the centrifugal force, which would have carried the car against the outside rail, which was considerably higher than the inner one to guard against the effect of that force. A high rate of speed would have been effective to throw the car toward the outer side of the curve rather than the inside, and the rate of speed in going around the curve did not cause the accident. There was testimony, however, by the plaintiff and his companion, that the car was stopped suddenly on the curve and the car then settled back and tipped over on the inside of the curve. According to their testimony, when the car suddenly stopped, the weight which had been thrown against the outer rail suddenly settled back to the inside rail, which was much lower, and this tended to prove that the sudden stopping contributed to cause the car to turn over. On the motion to direct a verdict the court was required to take the testimony of the boys as true, but it is contended that the evidence conclusively shows that the car tipped over because the cinders had been removed from one side while the other side next the inside of the curve was still loaded. It is doubtless true that the condition of the load contributed to the tipping, and it is probable that the car would not have tipped over but for that condition. Counsel say that the defendants were not bound to know that the load was in that condition, and could properly handle the car on the assumption that it was loaded in the ordinary way. We do not think this court can declare, as a rule of law, that the defendants were not charged with knowledge of the condition of the load. The car was being unloaded by taking the cinders out of one side, and the defendants had handled it on Saturday and again coupled to it at the time of the accident. The court did not err in refusing to direct a verdict, and the conclusion of the jury and the trial court has

received the approval of the Appellate Court, so that the fact has been finally settled.

By instruction No. 19 given at the request of the plaintiff the jury were advised that if the defendants were guilty of the negligence charged in the declaration and such negligence caused plaintiff's injuries, the fact, if it was a fact, that the Republic Iron and Steel Company was also guilty of negligence in ordering plaintiff to unload the car in the manner it was unloaded was no defense. The doctrine that if the negligence of two contributes to an injury it is no defense for one to say that the other is also liable is not controverted, and it is conceded that if defendants knew the load was in the existing condition it would be no defense to show how it happened to get in that condition. The argument against the instruction is, that if the Republic Iron and Steel Company was negligent in ordering the car unloaded in the manner in which it was unloaded, and defendants had no notice of its condition and were guilty of no negligence in not having such knowledge, and the manner in which the car was unloaded was the cause of the tipping of the car, the jury would understand that the condition of the car was no defense. Otherwise stated, the objection is that the jury would understand from the instruction that although the manner in which the car was unloaded was the cause of its tipping over, the condition of the load was no defense. We do not see how the jury could have understood in that way the instruction, which required the jury to find the defendants guilty of the negligence charged in the declaration and that such negligence caused plaintiff's injuries. The evidence would not justify a conclusion that plaintiff's employer knew that the partially unloaded car would be moved around the curve, and there was no danger in unloading it by the method adopted at the place where it was. If, however, there was negligence in the manner of unloading the car and the defendants were also guilty of negligence in handling it they would be liable

for the consequences. By instruction No. 3 given at the request of the defendants the jury were told that if the car was not caused to be turned over by the violent and sudden stopping of it they should find the defendants not guilty, and taking these two instructions together there certainly could be no misunderstanding as to the law.

Complaint is also made that the court modified instruction No. 9 asked by the defendants, which, as offered, stated that if the cinders being nearly all on one side of the car was the cause of the car tipping over, plaintiff could not recover. The court modified it by making it read that if the cinders being nearly all on one side of the car was the sole cause of the car tipping over, plaintiff could not recover. If the condition of the load merely combined with negligence of the defendants and was not the sole cause of the car tipping over, such condition would not be a defense. Instruction No. 14 asked by the defendants merely repeated the law as stated in the ninth, and for that reason it was not error to refuse it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*