**Frederick J. Selden, Appellant, v. Marshall E. Sampsell, Receiver, Appellee.**

**Gen No. 15,004.**

1. INSTRUCTIONS—*when, as to obligation of carrier to passengers, properly refused.* An instruction is properly refused which tells the jury that "common carriers of passengers are required to use all human care, vigilance and foresight they can reasonably use in view of the character and mode of conveyance adopted, to prevent accidents to passengers;" the vice of such instruction being that it does not contain the limitation that such care, vigilance and foresight is required to be such as is consistent with "the practical

operation of the road and the exercise of its business as a carrier."

2. INSTRUCTIONS—*when, as to damages which may be awarded, properly refused.* The plaintiff's recovery must be confined to the damages charged in the declaration and an instruction which does not so limit the jury is properly refused.

3. INSTRUCTIONS—*when refusal to give, upon question of damages, will not reverse.* A refusal to give a proper instruction asked by the plaintiff upon the question of damages, will not reverse if the question of liability has been resolved against the plaintiff.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 17, 1910.

FREDERICK A. BROWN, for appellant; WILLIAM R. T. EWEN, JR., of counsel.

JOHN A. ROSE and FRANK L. KRIETE, for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an action to recover for personal injuries. The issues were submitted to a jury and a verdict returned finding the defendant not guilty. The latter had judgment. The plaintiff appeals.

It is urged as grounds for reversal, first, that the court erred in refusing three instructions requested in behalf of the plaintiff, and second, that the verdict is clearly against the weight of the evidence. The first of the instructions the refusal of which is complained of, would have told the jury that "common carriers of passengers are required to use all human care, vigilance and foresight they can reasonably use in view of the character and mode of conveyance adopted to prevent accidents to passengers." This instruction does not contain the limitation that the care, vigilance and foresight required are such as is consistent with "the practical operation of the road and the exercise of its business as carrier." North Chicago St. R. R. v. Polkey, 203 Ill. 225-233. An in-

struction containing practically the same language was declared erroneous in Tri-City Ry. Co. v. Gould, 217 Ill. 317-321. The second of the refused instructions is to the effect that the jury could take into consideration in estimating damages the personal injury inflicted on the plaintiff, the pain and suffering undergone in consequence, if any were proved, and also such permanent injury as they believed from the evidence plaintiff sustained from the wrongful acts complained of. There is in this instruction no reference to damages charged in the declaration, to which any recovery by plaintiff must be confined. There is moreover, an instruction given at plaintiff's request in which the jury were told that if they found defendant guilty and believed from the evidence he had "sustained damages as charged in the declaration" they could themselves estimate the amount of such damages from the proof and by considering them in connection with their own knowledge, observation and experience. This instruction gave plaintiff the benefit of whatever was valuable in the refused instruction. There was proof of pain and suffering undergone by plaintiff in consequence of the injury complained of, proof of disability and as to whether it was likely to be permanent. The attention of the jury was by that given instruction called to this evidence. The third refused instruction is subject to the same objection, namely, it fails to confine recovery to damages charged in the declaration. That plaintiff was in fact injured is not controverted. It is urged by defendant's counsel that inasmuch as the jury found defendant not guilty, it is to be presumed they first considered the question of liability, and having determined that issue in favor of defendant had no occasion to consider damages. Hence it is argued, the refusal of the second and third instructions under consideration was not harmful, citing Chicago City Ry. Co. v. Hagenback, 228 Ill. 290-298. We are of opinion the failure to give the refused instructions was not prejudicial.

Whether the verdict should be deemed against the weight of the evidence depends in a measure at least upon whether the preponderating evidence supports plaintiff's allegation of negligence on the part of the defendant in negligently starting the car just as plaintiff was about to alight.   The question is whether the conductor had or in the exercise of due care on his part ought to have had notice that the plaintiff was about to alight and was only waiting to step down from the platform until the ladies ahead of him had gotten out of the way.   The plaintiff testified he had not spoken to the conductor and so indicated he wanted to get off, although he says the conductor was standing right beside him.   He states that he indicated by a move of his hand that he wanted to alight. This gesture was repeated to the jury but its nature is not indicated in the record and we have no means of knowing.   The jury evidently did not conclude from that and the other evidence that it showed negligence in the defendant's agent.   It was a question of fact and no reason appears in the record which would justify us in overruling the jury's conclusion, which has had the approval of the trial court.

Finding no material error, the judgment of the Superior Court must be affirmed.

*Affirmed.*