## Harry Mumaugh, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 17,764.

1. CARRIERS—*disregarding counts.* Counts of plaintiff's declaration alleging that it was the duty of defendant to furnish a sufficient number of cars so that they should not become unreasonably crowded, and to furnish plaintiff a seat and that defendant failed to do so whereby plaintiff was obliged to sit upon a fender and by reason of defendant's negligence was thrown off and injured are properly withdrawn from the jury where the evidence does not support them.

2. NEGLIGENCE—*due care.* In an action for personal injuries to plaintiff, a 14 year old boy, an instruction that the allegation in the declaration "that the plaintiff at the time and place in question, was in the exercise of due care for his own safety and protection" is a material allegation and unless the jury believe from the evidence that he was then and there "exercising such due and reasonable care for his own safety and protection as a person of his age, experience and intelligence would exercise under similar circumstances and conditions" he cannot recover, while not technically accurate is not harmful in a case where no other verdict than one of not guilty could reasonably be sustained.

3. CARRIERS—*permitting boy to ride on fender of street car.* Where a street car conductor collects the fare of a boy riding a fender at the rear end of the car, though it be held that the carrier thereby permits the boy to ride on the fender as a passenger, such permission is not negligence *per se.*

4. CARRIERS—*passenger in dangerous position.* Where a carrier permits a passenger to ride on the fender of the car it assumes the duty of exercising the care demanded by the circumstances.

5. CARRIERS—*negligence.* Where there is no evidence that the defendant carrier was guilty of negligence when the car on which plaintiff, a boy of 14 years old, was riding on the rear fender, gave a jolt or lurch, causing him to fall off, a verdict of not guilty will be sustained.

Error to the Circuit Court of Cook county; the Hon. JOHN GIB-BONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed May 8, 1913.

JOHN C. KING and JAMES D. POWER, for plaintiff in error.

B. F. RICHOLSON and C. LEROY BROWN, for defendant in error; LEONARD A. BUSBY, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

Plaintiff in error sued the defendant railway company for damages for personal injuries alleged to have been sustained by being jolted from the rear fender of a street car upon which plaintiff was riding at the time of the accident. A verdict of not guilty was returned, and from a judgment entered upon that verdict the plaintiff appeals.

At the close of all the evidence the court instructed the jury to find the defendant not guilty as to the second and third counts of the declaration, and this ruling is assigned as error. The second count alleges, in substance, that it was the duty of defendant to furnish and provide a sufficient number of cars so that the same should not become unreasonably crowded; that defendant neglected so to do, whereby the car upon which plaintiff became a passenger was so unreasonably crowded, that "by reason of the crowded condition" thereof, plaintiff "was obliged to, and did, sit upon the fender upon the rear end of said car;" that he exercised due care for his own safety, but that "by reason of the premises and of said defendant's negligence he was thrown and fell from and off the place where he was thus sitting on said car and upon

the ground," and was struck by another of defendant's cars and severely injured. The third count alleges, in substance, that it was the duty of defendant to furnish the plaintiff with a seat, and defendant negligently failed to do so, and by reason thereof he was compelled to, and did, necessarily sit upon the fender; and that "by reason of the premises and of said defendant's negligence he was thrown and fell from and off the place where he was thus sitting on said car to and upon the ground," etc.

It is contended by appellee's counsel that neither of these counts states a good cause of action; that there is no duty, as a matter of law, resting upon a street railway company either to provide a sufficient number of cars so that they shall not become "unreasonably crowded," or to furnish every passenger with a seat; and that what is said in that respect in the case of *Hickey v. Chicago City Ry. Co.,* 148 Ill. App. 197, namely, that the furnishing of cars which become unreasonably overcrowded "is in itself, *prima facie* evidence of a breach of duty by a common carrier of passengers" is not the law.

We do not find it necessary to affirm or disaffirm the doctrine stated in the *Hickey* case, *supra,* for the reason that this case is essentially different in its facts. In the *Hickey* case, it was not claimed that the injury resulted merely from the overcrowding of the car upon which Hickey was riding, or from the fact that because of the overcrowding, he was obliged to ride upon the angle-bar in front of the car, but it was claimed that the injury resulted from the negligent manner in which the car was operated, whereby a collision occurred. The abstract of the record in that case, on file in this court, shows that no count in the declaration alleged that the injury was caused by overcrowding or any insufficiency in the number of seats or cars. In the counts in question in this case, it is not averred that the injury resulted from any negligent operation of the car while overcrowded, but it is alleged that the

injury to the plaintiff resulted solely from the failure of the defendant to furnish a sufficient number of cars and seats. There is no evidence whatever in the record as to what number of cars was being operated on Clark street at the time of the accident, nor is there any evidence fairly tending to prove that the mere failure to provide the plaintiff with a seat inside the car necessarily obliged him to take a seat on the fender, as charged in those counts. Furthermore, there is no evidence from which it can be legitimately inferred that the plaintiff's injury was proximately caused by any failure on defendant's part to provide more cars or more seats. Therefore, even if it be assumed that a recovery might be had under the second and third counts if supported by evidence tending to prove the averments of those counts, we think that under the facts shown in this record the court did not err in instructing the jury to disregard them.

It is next urged that several of the instructions given by the court on behalf of the defendant were erroneous. Instructions 29 and 30 were unobjectionable, in our opinion. They conformed to the theory of the defendant and there was evidence tending to support that theory. The sixth instruction was intended to state the rule that the evidence of defendant's employes should not be disregarded merely because they were employes of the defendant. It is evident, however, that in copying this instruction from some approved precedent, the line "simply because such witness was or is an employe of the defendant" was overlooked. The meaning, of course, is essentially different on account of this omission. Instruction 24 told the jury that the allegation in the declaration "that the plaintiff, at the time and place in question, was in the exercise of due care for his own safety and protection" is a material allegation, and unless the jury believe from the evidence "and under the instructions of the court" that he was then and there "exercising such due and reasonable care for his own

safety and protection as a person of his age, experience and intelligence would exercise under similar circumstances and conditions,'' he cannot recover and the jury should find the defendant not guilty.   It may be conceded that neither of these instructions was technically accurate and perhaps, in a close case, it might be considered prejudicial error to give them without modification.   In this case, however, a careful study of the evidence has convinced us that no other verdict than one of not guilty could reasonably have been sustained. It appears from the evidence that at the time of the accident plaintiff was fourteen years of age; that he had been looking for work and was returning home about 5:30 in the afternoon.   The car in question was a Halsted street car, running on Clark street south from Washington street.   According to the plaintiff's testimony, he waited for the car at the corner of Harrison and Clark streets.   When the car stopped at that corner, he testified that he noticed that the car was crowded, and thereupon, without making any effort to get inside the car or upon the platform or the step of the car, and without any apparent necessity for such action, he voluntarily took a seat upon the rear fender, where two other boys were then riding.  The fender was folded up against the back end of the car and he sat with his back to the car, upon a small iron pipe which formed the end of the fender.   Obviously, this position was a very insecure and unsafe one, and this fact was perfectly apparent to any one, even a boy of his age and understanding.   The plaintiff and two other witnesses testified that while he was riding in that position, the conductor reached down from the rear platform, through a window which he opened for that purpose, and collected the plaintiff's fare; also that after he had ridden on the fender from Harrison street to a point beyond Eighteenth street, the car ''jolted or lurched,'' and he was thereby thrown from the fender to the ground, falling to one side of the track in such a position that he was immediately struck

on the head by another car which just at that moment came up on the other track. On the other hand, the conductor denied that he collected any fare from the plaintiff and testified that he did not see the boy at any time prior to the accident; and one of the passengers, who stood on the rear platform, testified that plaintiff was not riding on the fender, but was on the step on the "blind side" of the car, outside the closed doors of the vestibule. The manner in which the plaintiff received his injury tends to corroborate the defendant's witnesses. But if the version of the plaintiff be accepted, the only facts upon which any negligence on defendant's part can be predicated are the facts that the car "lurched or jolted" and that the conductor collected fare from the plaintiff while he was riding upon the fender. If the latter act be considered as an implied permission to the plaintiff to ride on the fender as a passenger, it has been held that such a permission is not negligence, *per se,* on the carrier's part. If "the carrier permits a passenger to ride in that way, the carrier assumes the duty of exercising the care demanded by the circumstances." *North Chicago St. R. Co. v. Polkey,* 203 Ill. 225, 232. It may be doubted whether a breach of any such duty is included in the general allegations of negligent operation made in the first count of the declaration; but if it be conceded that the allegations of that count are broad enough to admit proof of such a breach of duty, the only evidence tending to prove any failure on defendant's part to exercise such care as the circumstances demanded, is the evidence that the car "jolted and lurched."

There is no evidence tending to prove that the car was going any faster at the time of the alleged jolt or lurch than it had been going from Harrison street to Eighteenth street. During all that distance, the plaintiff claims that he rode in safety on the fender. There is no proof that any act or omission of any servant of the defendant caused the car to jolt or lurch. There

is no evidence or claim that the track or the car was defective. While a street railway company, as a carrier of passengers, is bound to do all that human care, vigilance and foresight can reasonably do, consistent with the mode of conveyance adopted, the practical operation of its railroad and the exercise of its business as a carrier, yet it is not an insurer of the absolute safety of passengers. So far as the evidence shows, the jolt or lurch was one of those inevitable incidents which are inseparable from the practical operation of street cars in public streets. It may also be said, as was intimated in *Chicago City Ry. Co. v. Schmidt,* 217 Ill. 396, 400, that since the plaintiff voluntarily took the unusual position he was in when the car jolted "he might doubtless have been held guilty of contributory negligence *per se.*"

The judgment of the Circuit Court is affirmed.

*Affirmed.*