Mary Kovacs, Appellee, v. Guy A. Richardson et al., Trading as Chicago Surface Lines, Appellants.

Gen. No. 41,133.

Opinion filed June 26, 1940.

Frank L. Kriete, Warner H. Robinson and Arthur J. Donovan, all of Chicago, for appellants; John R. Guilliams, of Chicago, of counsel.

Lester E. Williams, of Chicago, for appellee; Alec E. Weinrob and Ben E. Polowsky, both of Chicago, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

In a tort action a jury returned a verdict finding defendants guilty and assessing plaintiff's damages at the sum of $1,000. Defendants appeal from a judgment entered upon the verdict.

On the evening of April 25, 1936, plaintiff became a passenger on a southbound Halsted street car on Clark street, operated by defendants. She paid her fare and received a transfer ticket, as she intended to transfer to a Roosevelt road car. When the street car approached Roosevelt road plaintiff walked toward the front platform. She testified that she took hold of the vertical wooden bar near the door and that the motorman opened the door before the street car came to a stop at Roosevelt road; that while the street car was still moving the car jerked and she fell out backwards, landing on the street. George G. Rich, a witness for plaintiff, testified that he saw the car approaching Roosevelt road and that before it came to a stop he saw the front door open and plaintiff fall out; that plaintiff fell from the front platform into the street. During the examination of the witness the following occurred: "Q. Do you know how far the street car went after the lady was thrown or fell out? A. Oh, two or three feet. Q. Will you describe the type of stop that street car made as well as you can? A. A rather sudden jerky stop." Defendants' theory of fact is that "the street car came to a full stop and that while it was standing still and while plaintiff was stepping down on the step,

she fell into the street.'' Some of defendants' evidence supported this theory of fact.

As usual, defendants have filed an able and ingenious brief. The following are the propositions relied upon for reversal: ''1. Plaintiff failed to prove actionable negligence. 2. The verdict is against the manifest weight of the evidence. 3. There was error in the refusal of instructions.''

In support of proposition 1 defendants argue that plaintiff's evidence is not sufficient to show ''the character, extent and force of the alleged jerk or that it was sufficient to cause a person who was standing on the platform and exercising due care for his or her own safety, to be thrown off the street car . . . or that it was such a jerk as could be avoided in the practical operation of the street car and not a jerk or movement as is usually incidental to the stopping of a street car.'' We have carefully followed the clever argument made in support of proposition 1, but we find it without merit.

As to proposition 2: We have seen fit to read the entire part of the transcript of the record that bears upon the manner of the accident and we are satisfied that we would not be justified in holding that the verdict is against the manifest weight of the evidence. Indeed, while it is true that defendants called four witnesses who gave testimony as to the accident, a careful analysis of their testimony satisfies us that the jury were justified in believing plaintiff's theory of fact as to the manner in which the accident occurred. Three of the witnesses who testified for defendants were employed by them. One of the witnesses, the conductor, did not see plaintiff fall, and the first that he knew of the accident was after the car had stopped at Roosevelt road and he was waiting for the light to turn green so that he might give the bell to the motorman to go ahead. He testified that at that time he ''looked out alongside of the car'' and saw the motorman helping plaintiff ''up off the street'' the motorman carried her to the

rear of the car but that he, the witness, did not follow them, as he remained at the front to get witnesses. The direct testimony of Cornelius Sheehan, who was working as a watchman for defendants, supported defendants' theory of fact, but it was entirely discredited upon cross-examination. Upon direct examination Sheehan testified that he saw the accident happen; that when the southbound Halsted street car approached Roosevelt road it stopped "in the ordinary way." "Q. Was there any jerking or unusual motion that you saw? A. No. Q. When it stopped, what else did you observe? A. I remember there was a man walked across the street, and a lady got off and she stumbled and fell. Q. What platform did she get off of? A. The front platform. Q. What was the car doing at the time the woman fell off the car? A. The car was standing still." He further testified that at the time of the accident he was watching tools and cement belonging to defendants that were on the south side of Roosevelt road. On cross-examination the following occurred: "Q. When you first saw it, it was stopped, is that right? A. That is right, yes. Q. When you first looked up and saw that street car and it was at a stop, what else did you see? A. I looked around and I seen a man cross over ahead of me and then I just happened to look around and a woman stumbled off the car, I guess, and fell on the street, she was laying there. Q. You guess? A. Yes. Q. Didn't you see it? A. Yes, I saw it. Q. What did she stumble on? A. The way I looked at it, she must have stumbled on the step and fell on the street. Q. You use the words 'must have.' Did you see her stumble on the step? A. No, I didn't. Q. When you first saw her she was already in the street, wasn't she? A. Yes. Q. When you first looked up she was lying in the street, isn't that the fact? A. That is right. Q. You didn't see her fall off of the street car at all, did you? Yes or no. A. I seen her after she fell. Q. After she fell? A. Sure."

As to proposition 3: Defendants contend that the court erred in refusing to give the following instruction requested by them: "21. If you believe from the evidence that the injury to the plaintiff, if she was injured, was the result of a mere accident which occurred without negligence on the part of the defendants as charged in the complaint, or in some count thereof, then the defendants are not liable in this case." Under the facts of the instant case this instruction could only confuse and mislead the jury. That was its plain purpose. In the case of *Streeter v. Humrichouse,* 357 Ill. 234, Mr. Justice FARTHING hit the nail on the head when he held that an instruction like the one in question should not be given in a case unless there was evidence that a plaintiff was injured through accident, alone. In the instant case, if the accident to plaintiff occurred through the negligence of defendants, or through the negligence of plaintiff, or through the negligence of plaintiff and defendants, the injuries to plaintiff would not be caused by "a mere accident." Even if the instruction in question were a proper one, defendants would not be in a position to complain of its refusal. Defendants' given instruction number 9 states: "The plaintiff does not make out a case against the defendants, Chicago Surface Lines, by proving the mere happening of the accident and an injury . . . ." The instruction then goes on, at length, to detail the law in respect to the proof required of her before she can recover. The rights of defendants were fully protected by other instructions given by the court.

Defendants complain that the court erred in refusing to give the following instruction, offered by them: "26. The court instructs the jury that the mere fact that a street car gives a sudden movement when stopping or that it moves with some unevenness is in itself no proof of negligence in the operation of the car if such sudden or uneven movement is usually and necessarily incident to the movement and stopping of street cars." This

instruction ignores essential facts in plaintiff's case, viz: that plaintiff approached the front door for the purpose of leaving the car; that the motorman opened the door before the car was stopped; that while plaintiff was standing by the open door the street car made a "sudden jerky stop." The instant instruction is highly argumentative and would tend to mislead the jury. Defendants cite no Illinois case where a like instruction was approved. The only Illinois case cited in support of the instruction is *Mumaugh v. Chicago City Ry. Co.*, 180 Ill. App. 229. No such instruction as the instant one was before the court in that case for consideration. There it appears the plaintiff testified that he noticed that the car was crowded, and (p. 233) "without making any effort to get inside the car or upon the platform or the step of the car, and without any apparent necessity for such action, he voluntarily took a seat upon the rear fender, where two other boys were then riding." The plaintiff further testified that while he was in that position the car jolted or lurched and he was thrown from the fender to the ground, (pp. 233, 234) "falling to one side of the track in such a position that he was immediately struck on the head by another car which just at that moment came up on the other track." A passenger on the rear platform testified that plaintiff was not riding on the fender but was on the step on the "blind side" of the car, outside the closed doors of the vestibule. The Appellate Court believed this testimony as to the manner of the accident and held that (p. 233) "a careful study of the evidence has convinced us that no other verdict than one of not guilty could reasonably have been sustained." In its opinion the Appellate Court states (p. 235): "So far as the evidence shows, the jolt or lurch was one of those inevitable incidents which are inseparable from the practical operation of street cars in public streets." The *Mumaugh* case is clearly not an authority in support of defendants' contention that the instant instruction should have been given.

This case seems to have been well tried. No good reason has been advanced why the judgment of the circuit court of Cook county should be disturbed and it is accordingly affirmed.

*Judgment affirmed.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.